## STOUT Appellant, v. CALVER Appellee.

1. It is no ground for a new trial, that the party "was surprised by the cause coming on sooner than he expected; he believing the cause was set for trial on the third, instead of the first day of the term."— The party was guilty of negligence in not examining the docket, and ascertaining the time when the cause was set for trial.

2. Although it is error in the circuit court to enter judgment without a finding upon all the material issues in the cause, yet, the finding may be in general terms; as, "we the jury find for the plaintiff, and assess his damages to &c."

Appeal from the Marion circuit court.

*U. Wright for Appellant.*

1st. I submit that the 4th ground of the motion, presented good cause for a new trial, and that the refusal was an improper exercise of the discretion of the court.

2d. Independent of this ground the verdict was wrong

3d. The issues are not found by the verdict; the set off is not noticed, and the error is fatal. See Rogers vs. Pratt decided by this court from which this cause is not distinguishable, also Leak vs. Elliott, and Jones vs. Snedegar adm'r, 3 vol. M. D. It is not like the case of Davidson vs. Peck.

*T. L. Anderson for appellee.*

See Smith vs. Morrison 3 Marsh. Rep. p. 85. 2 vol. Tidd 816. 1 Bibb's Rep's. 671. 1 Sellons practice 488. 1 Bibbs

Rep. 247–251. 2 Burrows Rep. 230. 3 Durnford and East. 659. 4 vol. D. S. C. Mo. 445.

*Opinion of the Court delivered by Tompkins Judge.*

Stout
vs.
Calvin.

Calver brought his action of assumpsit against Stout in the circuit court of Marion county, and judgment being given for him in that court, Stout appeals to this court.

The action, as above stated, is assumpsit. The pleas were non assumpsit and set off. The finding of the jury is, "we of the jury find for the plaintiff, and assess his damages to the sum of &c." Judgment being given for the plaintiff, defendant moved for a new trial, having filed his affidavit of merit, and alledging that he was surprised by the cause coming on sooner than he expected; that he had believed the cause was set for trial on the third day of the term, whereas it was set for trial on the first day of the term.— The ground of surprise is something new; it is a universally admitted painciple that no person is entitled to a new trial unless he has used due diligence to procure evidence. Apply the same rule to the present case, and we may say the defendant ought to have walked to the clerk's office, and to have seen, on the docket itself, the time when the cause was set for trial. If new trials are to be granted for such reasons as this, trial becomes a farce, and consequently all proceedings to obtain a judgment will be mere nullities. The second objection taken is that the jury has not found all the issues made. The finding is for the plaintiff generally; according to the practice of the English courts such finding was good. See Sellons practice 480, and 3 Darnford and East. 659, the case is Petrie and another ex'rs vs. Hannay.— The action was assumpsit, for money paid by testator to the use of the defendant, and for money had and received by the defendant to the use of the plaintiffs as executors. The defendant pleaded the general issue, and the statute of limitations. The court held that the omission to enter up a verdict on the second plea was a mere clerical omission.— To the same purpose, see Worford vs. Ishel. 1st Bibb's Kentucky reports 247 and 251: at the last page Judge Bibb cites the case of Hawker vs. Crafton. 2 Burrow where in an action for an assault and battery, upon the issues of not

guilty and son assault demesne the jury found the defendant generally guilty "of the trespass within written." The court upon solemn argument held unanimously that the finding was sufficient, and the judgment was affirmed. But the appellant relies on three cases decided in this court, to sustain him in his objection to the sufficiency of the finding in the case under consideration, viz: Jones and Jones vs. Snedegar, 3rd Mo. dec. p. 390, Rogers vs. Pratt, page 52 of the 5th vol. of Mo. dec. isions, and Leak vs. Elliott which last has been twice brought into this court. See 4th and 5th volumes, and in neither volume do I find any thing decided that bears on this case.— In the case of Jones and Jones vs. Snedegar the action was by petition and summons, a statutory remedy; the defendant pleaded payment and set off, the court acting as a jury found that the defendants were indebted to the plaintiff in the sum of two hundred and twenty one dollars, the debt in the petition mentioned, and then assessed damages for the detention thereof. In Rogers vs. Pratt the action was petition in debt, this action since the decision of Jones and Jones vs. Snedegar had been a little modified by law, but the change was more in name than in substance. The pleas in this last case, were non assumpsit and set off. The court again acting as a jury, finds for the plaintiff the sum of three hundred and fifty two dollars, &c., the debt in the said petition mentioned. In both of these cases, the finding of the court excludes the idea that jury had taken into consideration at all the plea of set off; whereas in the case now under the consideration of this court, the finding is for the plaintiff generally, a finding perfectly consistent with the idea that the jury had considered the defendants plea of set off, and had come to the conclusion, that he was not entitled to any credit on that plea. The authorities cited from the English and Kentucky books show that in such cases the finding is well enough to support a judgment. The judgment of the circuit court for the reasons above given ought in my opinion to be affirmed, and Judge Napton concurring in that opinion it is affirmed.

Although it is error in the circuit court to enter judgment without a finding upon all the material issues in the cause, yet, the finding may be in general terms as, "we the jury find for the plaintiff, and assess his damages to &c.

*M'Girk Judge dissenting.*

In this case, I am of opinion, that the set off was not con-

sidered by the court, and for that reason the judgment ought to be reversed.