## STEIGERS *vs.* DARBY.

A new trial will not be granted upon the ground that the attorney of the party was absent at the trial, being mistaken as to the time of the meeting of the court.

### ERROR to St. Louis Court of Common Pleas.

BEATY, *for Plaintiffs in Error.*

1. The instrument sued on, given in evidence, shows that the issue of the plea of the statute of limitations ought to have been found for the defendants below, and therefore a new trial should have been granted.—Rev. Code, 1825, p. 510.

2. The transcript of the record in the case of plaintiff's testator against the same defendants was improperly admitted to be read to the jury, both because it is not relevant to any issue made up between the parties, and because it is incompetent, as being *recenter alias acta*, Francis Steigers, one of the defendants in this suit, not having been served with process, in the other.

3. The affidavit of defendant's attorney shows, that, by accident and innocent mistake of his, the defendants lost the benefit of a good defence, which they had to the plaintiff's action. For these reasons, a new trial ought to have been granted.

On the second point, see 1 Starkie, 217, that the parties to a judgment must be the same to make it evidence. And see 7 Mo. Decisions, 563, (Stergens *vs.* Gross,) that one named in the declaration as defendant, but not served with process, is not a party.

LEONARD *and* BAY, *for Defendant in Error.*

1. The defendants did not object to any of the evidence introduced on the part of the plaintiff.

2. The motion for a new trial was properly overruled; because—

First, The defendants did not use diligence in attending to their defence.— 2 Marshall, 253; Stout *vs.* Calver, 6 Mo. Rep., 254.

Second, The defendants have not set forth the facts which they expected to prove by their witnesses.—2 Bibb, 179; 3 Marshall, 166.

3. The plaintiff entered a remittitur for the whole amount of the credit claimed by the defendants.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of debt, brought by Darby, administrator of Gross, against Matthias and Francis Steigers, founded upon a promissory note, executed by said defendants to Gross, for eight hundred dollars. The defendant, F. Steigers, pleaded—1st, A discharge under the insolvent laws of Maryland; 2d, Statute of

Limitations. Matthias Steigers pleaded—1st, The general issue; 2d, Set-off; 3d, Payment; 4th, Pendency of another suit in the same court, for the same cause of action; 5th, *Ne unques* administrator; 6th, Statute of Limitations.

Issues were made up on these pleas, and on 23d March, 1843, the cause was called for trial, and the defendants not appearing, the issues were submitted to a jury, who found for the plaintiff. On the 25th March, 1843, the defendants moved for a new trial, alleging, among other reasons, that the defendant's attorney was accidentally absent from the court when the cause was tried. In support of the motion, the affidavit of the counsel was filed, which stated that the case was called at an earlier hour than the trial docket was usually reached; that, without his knowledge, the court had adjourned to an earlier hour in the morning than usual; that he had been mistaken as to the time of meeting, &c., which it seems had been fixed by proclamation, a few days before the trial, at an earlier hour than, before that, it was held. The attorney also averred, that, in his opinion, the defendants could have established a good and meretorious defence against a large portion of the plaintiff's claim, to wit, the sum of $324 59, for which receipts were retained; and that he believed that the defendants had a legal bar to the whole demand, under the Statute of Limitations, and that the defendant, Francis Steigers, had a further legal bar to the whole demand, by virtue of his discharge under the insolvent laws of Maryland.

The plaintiff's attorney entered a remittitur for the amount of $324 59, the amount claimed in the affidavit of defendant's attorney, and the motion for a new trial was overruled.

The principal ground for reversing the judgment of the court below, is founded on the mistake of the defendant's attorney, in consequence of which he was not present at the trial. The opinion of this Court, in the case of Stout *vs.* Calver, (6 Mo. Rep., 254,) will show that the alleged reason is insufficient to authorize the interference of this Court.

As to the admission of the record of the former suit between these parties, from which it appeared that the case had been dismissed, we see no objection to it, as an answer to the plea of a suit pending for the same cause of action; besides, no objection was made at the trial.

Judgment affirmed.