## HARRY NORDMANSER, Appellant, *v.* BUEL T. HITCHCOCK, Respondent.

1. *Practice—New Trials—Neglect—Attorneys.*—The Supreme Court is never inclined to interfere with the discretion of the inferior courts in their action in refusing to grant new trials, unless a strong case is made out showing a palpable abuse of a sound discretion, and where the injustice complained of is not traceable to the negligence of the party. Where a cause is regularly docketed and set for trial, it is no excuse for the party who has suffered, that his attorney was absent, or did not attend to the suit.

2. *Practice—Error—Supreme Court.*—For error apparent upon the face of the record, the Supreme Court will reverse a judgment, although the party complaining of the judgment has failed to present his exceptions properly.

3. *Practice—Trials—Non-suit—Proviso.*—Where the defendant answers and pleads a set-off and counter-claim, he cannot, if the plaintiff fail to appear at the trial, take a verdict and judgment for the amount of his set off and counter-claim. The proper judgment is that of non-suit of the plaintiff, or a dismissal of his suit.

*Appeal from St. Louis Circuit Court.*

*Cline & Jamison,* for appellant.

I. "Where the party or his counsel are absent through misapprehension or necessity, and the cause goes to the jury undefended, and there are merits, the court will relieve by setting aside the verdict"—1 Gra. & Wat. New Trials, 162; Rex v. Tracy, 2 Strange, 1208; Schenck v. Woolsey, 3 Cai. (N. Y) 100; 2 Salk. 645; Beazley v. Shapleigh, 1 Price, 201; Peebles v. Ralls, 1 Litt. (Ky.) 24; Sayer v. Finck, 2 Cai. 336; Sherrard v. Olden, 1 Halst. (N. J.) 344; Stewart v. Dunett, 3 Mon. (Ky.) 113; Honoré v. Murray, 3 Dana, 31; Turnr's adm'r v. Hooker, 2 Dana, 334.

*Sharp & Broadhead,* for respondent.

I. The action of the court was correct in trying the case when called for trial. The plaintiff waived a trial by jury by failing to appear at the trial, and defendant submitted it to the court.—R. C. 1855, p. 1261, § 14.

II. The motion for new trial was not filed in time to be entertained or heard by the court. Section 6 of R. C. 1855, p. 1286, is imperative that all motions for a new trial, and in arrest of judgment, shall be filed within four days after the trial, if the term so long continue; and if not, before the end of the term. The motion should have been therefore overruled, and might have been stricken out.

III. Under any view of the question, this court will not interfere with the exercise of the discretion of the court below, even if it could be claimed that it was a matter of discretion with that court.—Allen et al. v. Brown, 5 Mo. 327; Jacobs v. McLean, 24 Mo. 40.

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted for the purpose of recovering judgment against the defendant for an amount of money which the plaintiff alleged he had over-paid on a contract for the sale and delivery of corn. The defendant in his answer

denied that he owed plaintiff anything, but averred that he had not received all that was due for the corn delivered, and claimed the balance due him as an offset; and also stated that he had been damaged to the amount of $5,000 by reason of the plaintiff refusing to take the corn according to the contract, which had depreciated in value and deteriorated on his hands, which latter sum he pleaded as a counter-claim. The petition was filed and the writ made returnable to the September term, 1865, of the St. Louis Circuit Court, which commenced on the last Monday in the month, and the answer and counter-claim of the defendant was filed on the 2d day of October next succeeding. On the 7th day of November, 1865, plaintiff was permitted to file his replication without objection, the cause was regularly set for trial, and when it was called the plaintiff did not appear; the defendant announced himself ready, and the court, upon hearing the proof adduced, gave judgment for defendant for the full amount asked in his set-off and counter-claim. On the 15th of December thereafter, plaintiff filed his motion for a new trial, supported by the affidavit of Mr. Mills, his attorney, which motion was overruled by the court, and an appeal prayed for and allowed.

The only question made is whether the court abused its discretion in not granting a new trial. The affidavit of Mills, which accompanied the motion for a new trial, states that he was taken ill about the middle of September, 1865, and from that time till the 26th day of October was confined to his room, a portion of the time to his bed, and was wholly unable to attend to business; that after the last day mentioned he was able to attend to very little business; that while he was ill in his room he requested Mr. J. C. Dodge, a member of the bar, to visit Mr. Sharp, the defendant's attorney, and request additional time to file a reply on account of illness. Mr. Dodge called at the office of Mr. Sharp, and, not finding him in, stated the fact to the person in charge of the office, who replied that of course such a request would be granted as an act of common courtesy between members

Nordmanser v. Hitchcock.

of the bar ; that he supposed nothing more would be done with the case until he had recovered, and that it would not be set for trial ; that when he was able to attend to his business a portion of the time, he put in his reply, and employed the services of Mr. Dodge as attorney, and sent him twice to examine the legal docket to see if the cause was set for trial, and after examination Mr. Dodge reported that it was not ; that relying on this information as correct, and having previously supposed that nothing would be done until his recovery, he remained ignorant of the fact that it was set for trial and was not present when it was called. He further states that the plaintiff is a non-resident and had entrusted the entire management of the case to him, and that he believed plaintiff had a meritorious cause.

This court is never inclined to interfere with the discretion of the inferior courts in their action in refusing to grant new trials, unless a strong case is made out showing a palpable abuse of a sound discretion, and where the injustice complained of is not traceable to the negligence of the party asking us to intervene. When a cause is regularly docketed and set for trial, it is no excuse for the party who has suffered that his attorney was absent or did not attend to it— Stout v. Calvert, 6 Mo. 254 ; Steigers v. Darby, 8 Mo. 679 ; Jacob v. McLean, 24 Mo. 40. If courts should permit such a cause to be set up, there would be no certainty in trials and no end to litigation. It is the duty of the party to see that he is properly represented in court ; and if his attorney is disabled, to bring that fact to the attention of the court, and either apply for a continuance, or employ other counsel.

It cannot be said here that Mills was misled by any understanding or arrangement entered into with Mr. Sharp. He only asked indulgence for filing his reply ; that was granted, and he filed it at his own convenience, long after the time had lapsed when it should have been filed by law. He was in court when he filed it, just previous to the time the cause was set for trial, and it is not shown that he notified either the court or the defendant's attorneys that he would be pre-

vented from attending to the trial at the regular time on account of indisposition. The failure of Dodge to find the case on the docket cannot be invoked to aid him. The motion for a new trial was not filed till more than four days after the rendition of the judgment, and as to all matters of mere exception, that will be fatal to plaintiff's obtaining any relief here. But the law imposes on us the duty of examining the record; and if error appears thereon, we must correct it.

When the cause was called for trial the plaintiff did not answer or appear, and the court proceeded to hear evidence at the instance of the defendant and in his behalf, and then gave judgment for him for the full amount of the offset and counter-claim set up by him in his answer. Was this proper? The counsel on both sides have passed over the matter in silence and seem to have treated it as admittedly regular. But we are not satisfied with this cause of procedure. Although when the defendant files a counter-claim, and the plaintiff replies thereto, the parties are to a certain extent both plaintiff and both defendant, as each claims affirmative relief; yet by the very provisions of the statute the counter-claim is set forth in the answer and forms a part of it. The plaintiff is always at liberty to dismiss his action, or suffer a non-suit, before his cause is submitted; and if he fails to appear when it is called, it may be dismissed for want of prosecution. This works no injury to the defendant; for if he has merits in his counter-claim, he can institute proceedings against the plaintiff at any time. This precise case does not seem to have been within the contemplation of the Code, and no similar case has arisen that we are aware of calling for a judical construction. As the Practice Act is a radical innovation on the whole system of pleading, it will only be followed as far as its provisions are plain; and where doubt occurs, we must look to the law as it existed before the change was made.

Mr. Stephens says: "Again judgment of non-suit may pass against the plaintiff, which happens when, on trial by

jury, the plaintiff, on being called or demanded, at the instance of the defendant, to be present in court while the jury give their verdict, fails to make his appearance. In this case no verdict is given, but judgment of non-suit passes against the plaintiff. So if, after issue is joined, the plaintiff neglect to bring such issue on to be tried in due time, as limited by the course and practice of the court in the particular case, judgment will also be given against him for the default, and it is called judgment as in case of non-suit"—Steph. on Pl. 609. In equity when a cross-bill is often resorted to, to furnish relief to the defendant, and determine the whole controversy between the parties, the bill is treated as a mere auxiliary suit, or as a dependency upon the original suit— Story Eq. Pl. § 399.

The answer under the Practice Act must contain, first, a denial of the allegations in the petition controverted by the defendant, and secondly, a statement of any new matter constituting a defence or counter-claim. The counter-claim then, although a separate cross-demand on which the defendant may be entitled to judgment, is nevertheless a part of the answer and an auxiliary suit—a dependency on the original suit or petition.

If the plaintiff does not come into court and prosecute his suit, no judgment can be taken against him, and his action should be dismissed, or judgment of non-suit rendered. The rights of the defendant are not prejudiced, and he can pursue his remedy on the matter set up in his counter-claim as an original action.*

The judgment must be reversed and the case remanded; appellant to pay the costs in this court. The other judges concur.

---

* See R. C. 1855, p. 262, § 16. Trial by Proviso; 2 Tidd's Prac. 699; 21 Vin. Ab. A. 1, 192, R. 82; Regina v. Banks, 2 Salk. 652; Rex v. McLeod, 2 East, 202, n. a.; Humphreys v· Rowley, 4 T. R. 767; King v. Pippett, 1 T. R. 492; S. C., 1 T. R. 695.