## THE ILLINOIS CENTRAL RAILROAD COMPANY

### *v.*

### CARL EBERT.

1. NEGLIGENCE — *injury resulting from want of outlook on railroad cars being pushed.* Where a person driving a team in a city on a very cold and blustering day, being muffled up to protect himself from the severity of the cold, while driving across a track near a public elevator, was struck by a car being propelled by an engine in the rear, and severely injured, and there was no one stationed on the car or on the ground to give warning, and it appeared, if there had been, the injury might have been avoided, it was *held,* that as the injury was the result of negligence on the part of the company, it was liable in damages to the injured party.

2. DAMAGES — *whether excessive.* A verdict of $10,000 damages in favor of one severely injured by negligence of a railway company, when the plaintiff was only a day laborer, and not wholly disabled, and the negligence was not reckless, was held so excessive as to justify the inference the jury were actuated by prejudice and passion, and should have been set aside. But a remittitur of $6,000 having been entered, and judgment entered for $4,000, it was *held,* that this was not so excessive as to justify a reversal.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. JNO. N. JEWETT, and Mr. CHARLES T. ADAMS, for the appellant.

Messrs. BRANDT & HOFFMAN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, brought to the Cook circuit court, by Carl Ebert against the Illinois Central Railroad Com

pany, for an injury sustained by a collision of one of the trains of that company. The jury found for the plaintiff, and assessed his damages at ten thousand dollars. On motion made by defendants for a new trial, the plaintiff's attorney remitted six thousand dollars of the finding, whereupon the court overruled the motion for a new trial, and rendered judgment for the balance, being four thousand dollars, and the defendants appeal.

The errors assigned are, that the verdict is against the law and the evidence, and the damages excessive.

We are of opinion, after a careful perusal of the testimony, that the evidence sustains a verdict against the defendants. The accident happened on the grounds of the company, on a cold, blustering, snowy day, in January, 1873; a day on which one exposed to its blasts would use all the expedients at his command to ward off, or at least temper its severity. So it was with this plaintiff. He was employed hauling ice, and was muffled up to protect himself from the cold, going along at a slow pace with his load. On his route were several tracks of the defendants, which it was necessary for him to cross. These tracks, or some of them, ran into Buckingham's elevator, and as he was about crossing track No. two, so called, about forty feet from the elevator, a train of cars, not drawn, but propelled from the rear by an engine, ran into the wagon, pushed the horses and plaintiff into the elevator, killing the horses and seriously crippling the plaintiff, disabling him from the performance of the labor to which he is accustomed.

There was no outlook upon the train; no flagman at the crossing, and no means used by the servants of the company to apprise plaintiff of the approach of the train, though one or two witnesses testified the bell was rung, and one Dormedy, an employee at the elevator, testified that he made every effort he could, to notify plaintiff of the approach of the train, but that he was unheeded. It does not appear that plaintiff made any special effort to see if any train was approaching

on that track. He says he saw cars on it, but they were not in motion.

It was great negligence of the company in failing to have some person on the train on top of the forward cars, or upon the ground in front. It is no excuse that the day was cold and stormy, and that a person posted on the top of the cars would be exposed to danger. It is the duty of the servants of the company to expose themselves to danger when necessary, not to rush into danger recklessly, but to maintain their post let what may happen. Had a vigilant man been on the front car, it is not at all probable this accident would have occurred. Indeed, it is quite certain it would not. The accident, then, having been occasioned by the negligence of the company, they must bear the consequences — they must respond in damages.

Were the damages properly assessed in the case? Do the facts justify a finding so heavy? Ten thousand dollars is a very large sum of money, in the possession of which very few can boast. It is a small fortune, which few acquire in a life of incessant labor. This the jury awarded to one whose prospects in life did not extend beyond his wages as a day laborer, and who has not been, by the negligence of the defendants, wholly disabled. It is true, the company were at fault, but not so greatly as to aggravate it to wilfulness. Compensatory damages were all the jury were justified in awarding, under the evidence. A verdict for ten thousand dollars is so enormous as to justify the inference the jury were actuated by prejudice and passion, not listening to the dictates of cool judgment. The enormity of the finding so shocked the sense of justice of the plaintiff's counsel that they at once remitted more than one-half of the amount. We cannot but think the verdict was the result of passion and prejudice, and it is none the less so after the remittitur, for the incentives to the finding abide as well in what remains as in the original amount found. The verdict was for ten thousand dollars. That verdict was the result of passion and prejudice. If those incentives prompted the verdict they vitiate the verdict, and it should

5—74th Ill.

have been set aside. But a practice has found place in our jurisprudence which sanctifies an outrageous verdict by entering a remittitur, and it has so often received the sanction of this court that it may be too late now to displace it.

The verdict, as it was made to be by the remittitur, is large, but we cannot say it is so excessive as to warrant this court in disturbing it. The judge before whom the cause was tried thought it right, and he had a better opportunity of understanding the merits of the case from the facts than we can have, and we must affirm the judgment. The instructions fairly presented the law of the case.

*Judgment affirmed.*