Frick Co. v. Caffery.

---

FRICK Co., Defendant in Error, v. W. H. CAFFERY, Plaintiff in Error.

Kansas City Court of Appeals, February 8, 1892.

**Practice, Appellate:** DISCRETION OF TRIAL COURT: DILIGENCE. An appellate court will not interfere with the discretion of a trial court in overruling a motion for a new trial on account of the sickness and consequent absence of the defendant from the trial, unless a strong case is made out, showing a palpable abuse of a sound discretion, and where the injustice complained of is not traceable, as in this case, to the negligence of the party asking the interference.

*Appeal from the Jackson Circuit Court.*—HON. JAMES
GIBSON, Judge.

AFFIRMED.

*L. A. Laughlin*, for plaintiff in error.

In granting a new trial the court is not necessarily
confined to the grounds enumerated in the statute.
*Leahey v. Dugdale*, 41 Mo. 517; *Fine v. Rogers*, 15
Mo. 315. Where a defendant is suddenly prostrated by
sickness and cannot communicate with his counsel, who
proceed to trial not knowing the cause of his client's
absence, a new trial should be granted. *White v.
Martin*, 63 Ga. 659. Applications for continuance
must be made by motion accompanied by affidavit set-
ting forth the statutory grounds. R. S., secs. 2124,
2126. It is no part of an attorney's duty to make affi-
davits, and, therefore, where the absence of the client
when he should have been present is accounted for, it
cannot be answered that his attorney was present.
*Spencer v. Kinnard*, 12 Tex. 180. Therefore, no motion
for continuance was necessary. *Dorn v. Best*, 15 Tex.
62; *Stewart v. Durrett*, 4 Mon. (Ky.) 113. "A party
cannot be guilty of negligence who is too ill to give a
suit any attention, and the law does not require the
performance of impossible conditions. The object of
the law is to administer justice. To secure this object
new trials are granted." *Horn v. Queen*, 4 Neb. 108;
s. c., 5 Neb. 472; *Horner v. Conover*, 2 Dutch. (N. J.)
138. New trials had been granted owing to the absence
of a party to the suit at the time of trial on the follow-
ing grounds: For failure to reach the place of trial
owing to delays in travel. *Brooks v. Whitson*, 7 S. &
M. (Miss.) 513; *Vannerson v. Pendleton*, 8 S. & M.
(Miss.) 452; *Smith v. Rawlings*, 83 Va. 674. Bodily
injury. *Horner v. Conover*, *supra*. Imprisonment.
*Truax v. Roberts*, 1 S. (N. J.) 138. Sickness of party

or near relations. *Peebles v. Ralls*, 1 Litt. (Ky.) 24; *Bank v. Reynolds*, 76 Ga. 834; *Ricker v. Horn*, 74 Me. 289.

*Gates & Wallace*, for defendant in error.

(1) The defendant took the chances of a judgment in his favor, and when he was defeated he assigned his own negligence and that of his attorney as a ground for a new trial. (2) The lower court did not abuse its discretion in refusing a new trial. On the contrary, its ruling was most just and proper. *Whitworth v. Murphy*, 29 Iowa, 470; *Bosbyshell v. Summers*, 40 Mo. 172; *Patchin v. Weyman*, 19 Mo. 151; *Fretwell v. Laffoon*, 77 Mo. 26. The failure of the attorney to ask for a continuance or notify the court of his client's alleged sickness precludes a motion for new trial. *Albert v. Seiler*, 31 Mo. App. 247; *Bragg v. Moberly*, 17 Mo. App. 221; *Land v. Miller*, 7 Tex. 463; *Blair v. Childs*, 10 Heisk. (Tenn.) 200; *Slip v. Luggett*, 9 B. Mon. (Ky.) 5; *Potter v. Padelford*, 3 R. I. 162; *Devine v. Morton*, 15 Tex. 24; *Fisk v. Taylor*, 17 Minn. 172; *Stewart v. Smith*, 111 Ind. 526; *Fitch v. Ellison*, 15 Col. 418; *Eigenburn v. Smith*, 98 N. C. 207; *Beckford v. Chipman*, 44 Ga. 543; *Dueber Co. v. Lapp*, 35 Ill. App. 372; *Merrick v. Britain*, 26 Ark. 496; *Dalton v. Schafner*, 38 Mo. App. 165; *Hanly v. Blanton*, 1 Mo. 49; *Schellhores v. Ball*, 29 Cal. 605; *Read v. Baker*, 30 N. J. L. 378; *Carr v. Gale*, 1 Curtis, 384; *Hatch v. Reed*, 1 Hard. (Ky.) 515; *Gill v. Warren*, 1 J. J. Marsh. (Ky.) 591; *Smith v. Wheeler*, 27 Mo. App. 16; Maxwell's Pleading or Practice, 440. (3) The act of the attorney is his client's act, and his negligence is the negligence of his client. *Endres v. Nelp*, 1 Disney (Ohio) 411; *Normander v. Hitchcock*, 40 Mo. 178; *Shields v. Burnes*, 31 Ala. 535; *Bergeran v. Bank*, 62 N. H. 655; *Patterson v. Mathews*, 3 Bib. (Ky.) 80; *Field v. Matson*, 8 Mo. 686; *Holloway v. Holloway*, 97

Mo. 630; *Carroll v. McCullough*, 63 N. H. 95; *Kyle v. Chase*, 14 Neb. 531; *Yates v. Monroe*, 13 Ill. 212; *Mulholland v. Heyneman*, 19 Cal. 605; *Bowman v. Fields* 9 Mo. App. 576; *State v. Jones*, 12 Mo. App. 93. (4) The defendant himself, if his claim that he had a defense which was not made at the trial were well founded, which is not admitted, has unquestionably been guilty of negligence. *Whitworth v. Murphy*, 29 Iowa, 470; *Walker v. Kritsinger*, 48 Ill. 502; *White v. Ryan*, 31 Ala. 401; *Green v. Buckley*, 23 Kan. 130.

GILL, J.—The petition in this cause was filed on November 3, 1889, and sets forth a cause of action against defendant as guarantor of three notes executed by Jerome Terry, in Michigan, in 1884. The answer was a general denial. A jury was waived and the cause was tried June 10, 1890, by the court. On June 16, the court found for plaintiff and rendered judgment against defendant for $772.50. The evidence offered by plaintiff and defendant is not given in the bill of exceptions, but it is conceded to have been sufficient to support the finding of the court. On June 19, 1890, the defendant filed a motion for a new trial alleging the following ground, to-wit: "Because at the time of the trial the defendant was physically disabled so that he could not be present and give his testimony." The trial court overruled this motion for a new trial, and defendant brings the cause here by writ of error.

We are here called on to review the exercise of the discretion of the lower court in declining to set aside its judgment and award a new trial, the motion therefor being grounded on the claim that the defendant was sick and unable to appear at the trial and testify in his own behalf. The rule in such cases is well understood; and that is, that we will not interfere "unless a strong case is made out, showing a palpable abuse of a sound discretion, and where the injustice complained of is not traceable to the negligence of the party asking us to

interfere." *Nordmanser v. Hitchcock*, 40 Mo. 181. After considering the affidavits exhibited to the circuit court, we are not willing to say that there was any abuse of discretion in this instance.

In the first place, the facts set out in defendant's affidavit, and which, if present at the trial, he would have sworn to, were not material to the issues made by the pleadings, and, hence, would not have been admitted. But more than this, the negligence on this record chargeable to defendant well warranted the trial judge in denying a new trial. This suit was begun November 3, 1889, and defendant forthwith employed an attorney to attend to it. The defendant was not taken sick till the April following. He was incapacitated from business about four weeks he says, and then says about May 10 returned to his office and attended to his matters until the twenty-eighth day of the same month, when he was again confined to his home. During all this time then there was ample time to prepare the case for trial and ample time, too, in which to post the attorney as to facts of the case. Again, the case was on June 6 set for trial on the tenth, and the attorney knew of this on the sixth, and, hence, had full opportunity to look up his client and be ready for trial on the tenth, or, in case of his disability, the attorney would then be prepared to make a showing for a continuance. However, when the case was called the defendant's counsel made no objection to proceeding with the case, did not ask a postponement and did not even inform the trial judge of any desire to have his client present; but he proceeded with the trial, and it was only after an adverse judgment against the client that this so-called hardship on the absent defendant is thought of.

It may be rightly claimed too that defendant was, as is shown by his affidavit, well enough to attend the trial of his case on June 10, since it seems he went the day before to Excelsior Springs, Missouri. Indeed, his physician refused to make a certificate that he was not

able to attend.   It seems to us, all the facts 'considered, that if defendant has been deprived of a full defense in' this case, it was from his own fault and negligence ( or the negligence of those for whose acts he is responsible ), and hence must abide the result.

Judgment affirmed.   All concur.