## John McNulta, Receiver of The Calumet Electric St. Ry. Co. v. John Hendele.

1. REMITTITUR—*Excessive Verdicts.*—The practice of curing an excessive verdict by entering a remittitur may be regarded as fully established and confirmed.

2. SAME—*Trial Court to be the Judge as to the Amount.*—The trial court which sees the witnesses and hears their evidence is in a better position to form an opinion as to the propriety of the amount of a remittitur than is the Appellate Court, sitting as a court of review, with only the record before it.

3. EXCESSIVE VERDICTS—*Not Always an Indication of Prejudice, etc.*—The mere fact that a verdict is excessive does not necessarily indicate that it is the result of passion. sympathy, prejudice or mistake of the jury where there was no question in the case which could properly produce such a result.

**Trespass on the Case,** for personal injuries. Error to the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed December 4, 1900.

KENESAW M. LANDIS, attorney for plaintiff in error; SOL. ROSENBLATT, of counsel.

R. WILSON MORE, attorney for defendant in error; FRANK L. CHILDS, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit for personal injury. A car operated by the plaintiff in error, as receiver of the Calumet Electric Street Railway Company, ran off the track, and defendant in error, who was a passenger, was thrown from his seat and received a bruise upon his knee, which, according to testimony offered in his behalf, has resulted in synovitis of the knee joint. This, while it does not seem to have incapacitated him from pursuing his ordinary avocation, which is hauling and lifting steam ranges and castings, causes him inconvenience at times, and is said to be more or less painful and difficult to recover from. Synovitis is

described as being inflammation of the synovial membranes, which " give articulation to the knee."

There is no dispute as to liability of plaintiff in error, and the question submitted to the jury was, what damages defendant in error was entitled to recover. Counsel for plaintiff in error urges, first, that the verdict was the result of a mistake, prejudice or sympathy, and the damages awarded are excessive; and second, that there was error in refusing certain instructions requested on behalf of his client.

The jury awarded appellee $2,750. There was a remittitur of $1,751, and judgment as finally entered was for nine hundred and ninety-nine (999) dollars, but little more than one-third of the amount of the verdict as rendered by the jury. The contention is apparently quite plausible that a verdict so excessive must indicate either a serious misapprehension on the part of the jury, or that their conclusion was biased by prejudice or sympathy. It has been repeatedly held that a verdict when so tainted can not be cured by remittitur, " for the passion and prejudice was in the jury, and must have entered into and permeated the whole finding, and must abide in that which remains as well as in that which is remitted." (C. & N. W. Ry. Co. v. Cummings, 20 Ill. App. 333; West Chicago Street R. R. Co. v. Johnson, 69 Ill. App. 147, and other cases.) In the present case it was not disputed at the trial that there is a liability. No controversy was had over that question. The receiver's counsel freely and frankly conceded in effect that there was sufficient negligence on the part of the company to entitle defendant in error to recover something in the way of damages. There was no controversy either as to the extent or nature of the latter's injury. The only thing left for the jury to determine was the amount of compensation, to which such injury entitled him. There was therefore no question in the case which could properly excite either passion or prejudice, nor were the injuries of defendant in error shown to be of so severe a nature as to naturally excite any great amount of sympathy. No evidence appears in the record of anything occurring during the

McNulta v. Hendele.

trial, calculated to excite feeling between the parties or in the jury. The proceeding bears the appearance of a calm judicial inquiry unaffected by outside considerations. Under these circumstances we are unable to say that improper feelings or motives influenced the determination of the jury. Nothing so indicates, except the single fact that the amount awarded was much larger than the trial court thought the evidence warranted, and larger than defendant in error himself was willing to accept as adequate compensation. Under such circumstances a remittitur was not improper. As was said by Mr. Justice Breese in Ill. Cent. R. R. Co. v. Ebert, 74 Ill. 399, "a practice has found place in our jurisprudence which sanctifies an outrageous verdict by entering a remittitur, and it has so often received the sanction of this court that it may be too late now to displace it." Since that opinion was delivered, the practice has been so fully concurred in, that it may be regarded as fully established and confirmed. While under the facts and conditions appearing in the case at bar, we regard a remittitur as proper, we can not say that the finding of the jury was the result of mistake, passion, prejudice or sympathy. For aught that appears it may have been the result of a calm, dispassionate consideration of the evidence, and of the application of honest and unbiased judgment. Whether the remittitur should have been larger or not, may be open to question perhaps. But as to that, the trial court, which heard the evidence and saw the witnesses was, we think, in a better position to form an opinion than are we, sitting as a court of review with only the record before us. Though we may incline to the opinion that the judgment might properly have been still further reduced, we do not feel at liberty, as the record stands, to set aside as excessive the judgment entered by the Superior Court.

We have carefully considered the instructions, the refusal of which is complained of, and are of the opinion that such refusal was not improper. The judgment must be affirmed.