Harris W. Huehl et al., Appellees, v. Monarch Refrigerating Company et al., Appellants.

Appeal of Michael Espert.

Gen. No. 15,346.

1. CONTRACTS—*when recovery upon quantum meruit proper*. If a contract for certain work is made and the amount of the work to be done subsequently increased without the making of a new contract such increased work must be recovered for upon a *quantum meruit* basis. If, however, it appears that the original work was abandoned, all work should be recovered for upon a *quantum meruit* basis.

2. SET-OFF—*when disposed of by verdict*. If there is no plea of set-off in the record but if evidence was heard upon the question of set-off the verdict being general it will be presumed that all issues which were presented were disposed of.

3. REMITTITUR—*when effectual to cure error*. Errors arising from an over-assessment of damages where such errors are not attributable to the prejudice or passion of the jury are cured by a *remittitur* of the excess.

4. APPEALS AND ERRORS—*when remarks of trial judge not subject to review*. Remarks of the trial judge are not subject to review unless error is assigned thereon.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 6, 1910.

GENTZEL & CRANE, for appellant.

GREGORY, POPPENHUSEN & MCNAB, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal by Michael Espert from a judgment rendered against him in favor of appellees, on the verdict of a jury after entry of a *remittitur* of $3, for $4,114.17 and ·costs. The cause was discontinued, before verdict, as to all Michael Espert's co-defendants.

Appellant assigns numerous errors, but confines them

in argument as grounds for reversal to the following four points:

First.    The court improperly admitted evidence as to the value of architect services sued for, upon a *quantum meruit*, after appellee, Huehl, had testified regarding a fixed price being agreed upon.

Second.    The verdict is contrary to the manifest weight of the evidence.

Third.    The jury failed to make any finding on the question of set-off.

Fourth.    The verdict was void, as it was concededly excessive to the amount of $3, and consequently could not be aided by a *remittitur*.

The judgment appealed from is made up of the following items, viz:

"To services rendered, plans and specifications and superintendence of cold storage building at 254–256 Michigan street, $58,281.08, at 3%,     $1,748.43.

| | |
|---|---|
| Foundation wall, $4,975 at 3%, | 149.25 |
| Party wall contract with Cummings, | 100.00 |
| Party wall contract with Dr. Price, | 100.00 |
| Changes in plan leaving off coil house, | 150.00 |
| To services rendered first set of plans and specifications for cold storage building $70,974.00 at 1½%, | 1,064.61 |
| To services rendered, plans, specifications and superintendence of power house erected at 281–283 N. Water St., $26,729.60 at 3%, | 801.88 |
| Total, | $4,114.17." |

The record, as abstracted by appellant, is partial and one sided and violates the rule of this court directing the manner of preparing abstracts of records.    Counsel for appellees have supplied the material evidence omitted by filing an additional abstract.    An examination of all the evidence admissible and not subject to any of the objections made, fully sustains every item of the claim above set out, and is in its essentials abundant to justify the jury in finding by their verdict the full amount claimed.    It cannot

therefore be truthfully said that the judgment is not fairly supported by the evidence or that it is manifestly contrary to its preponderating force.    This being so, we are not permitted to disturb the judgment of the trial court as being against the weight of the evidence.

That in the outset of negotiations there was an understanding sufficiently definite to constitute a contract that appellees would do the architectural work and superintendence of the construction of a cold storage warehouse on Michigan street on a commission basis of three per cent of its cost, is not disputed, and that the original plans as prepared were radically changed and an additional plot of land acquired to be used, and which was used, as an accessory to the warehouse originally intended and arranged to be constructed with appellees as architects, is also a matter not in dispute.    These changes, of appellant's creation, made necessary a redrawing of the plans so that they might conform to new conditions and a new arrangement of the plant necessary to meet such new conditions and to proceed in accord therewith. The evidence in the record is solvable in harmony with the contention of appellees that there was no agreement as to architect's charges made between the parties subsequent to the original agreement.    It became necessary, in such situation, to prove the amount chargeable for those items of service not embraced in the verbal understanding and to recover the same under a *quantum meruit.* Such evidence was clearly and necessarily admissible.    It was the only method open to appellees by which they could recover at all for services rendered which were not embraced in the original agreement.    The real contentions, however, are circumscribed within a narrower compass than the discussion of the learned counsel would warrant an inference.    In the first place, the three largest items in the aggregate of the whole account in suit are admitted by counsel for appellants, and therefore are practically eliminated from our consideration.    The items challenged are the two items totalling $200 for services in obtaining two party wall agreements, the item of $150 for changes in plans on abandoning "coil house,"

and the item of $1,064.61, being one and one-half per cent on $70,974, estimated cost of constructing first building under the plans prepared by appellees and which were abandoned because of the adoption of another and entirely different method of constructural arrangement. There was evidence justifying the jury in allowing all of these items, on the theory that appellees were entitled to recover them on a *quantum meruit*. In fact we cannot see, from the argument of appellants' counsel, any serious controversy concerning this *quantum meruit* theory. While it is true that counsel for appellants objected to Huehl testifying to the reasonable value of the services covered by the items now under discussion, yet the testimony of the witnesses, Hill and Beaumont, both architects, covering this same subject, was admitted without objection, and they were fully cross examined by counsel touching their testimony given in chief.

We think it may be fairly said that the original contract never having been carried out, appellees were entitled to recover their whole claim on a *quantum meruit* basis. The abandonment being with the tacit consent of the parties, left appellees at liberty to proceed on a *quantum meruit* as a basis of recovery. Anglo Wyoming Oil Fields v. Miller, 117 Ill. App. 552; Bonnet v. Glattfeldt, 120 Ill. 166.

There remains but two points more to be disposed of: First. The claim that the jury failed to dispose of the question of set-off by their verdict. The verdict being general; we think effectually disposes of that question. There was no issue of set-off made by the pleadings. No such plea appears in the record or abstracts. The plea found is the general issue. So far as the record discloses the claim to a set-off was raised incidentally during the progress of the trial. The jury, however, having heard all the testimony, by their verdict in appellees' favor left the inference to be drawn from it that they attached no importance to appellants' claim of set-off as finding no warrant in the proofs. In West Virginia the statute in relation to set-offs is similar in its essential provisions to our own. In Black v. Thomas, 21 W. Va. 709, where a set-off was set up and issue joined on it and the ver-

dict was general in favor of the defendant's claim of set-off, the court said: "In debt or assumpsit where the defendant files an account of set-off, he is under our statute deemed to have brought a cross action against the plaintiff for the amount of such account.   *   *   *   The verdict in this was for a gross sum in favor of the defendant; that, under the issues was necessarily a finding that the account of the defendant exceeded the amount to which the plaintiffs were entitled to the extent of that finding.   The verdict is not therefore ambiguous or uncertain.   1 Rob. Prac. (Old ed.) 355–367; Lanier v. Harwell, 6 Munf. 79."   It was likewise held in this case that a verdict which necessarily disposes of all the issues is sufficient, notwithstanding it may not respond separately to each issue or fact presented by the pleading.   Lewis v. Childers, 13 W. Va. 1.   In Stout v. Calver, 6 Mo. 254. it was held that a general finding by the jury for the plaintiff in a case where there was a plea of set-off, was consistent with the idea that the jury had considered the defendant's plea of set-off and had come to the conclusion that he was not entitled to any credit on that plea, and that such a verdict was sufficient to support the judgment.   A verdict responsive to the issues made by the pleadings fulfils every requirement. Enc. Plea. & Prac. Vol. 22, note on p. 871.   There arises a presumption from the verdict of a jury that it is as broad as the issues submitted under the pleadings.   Reed v. Gentry, 7 Oregon, 498.   Where several issues are submitted and a general verdict results, an inference of law obtains that all the issues have been found in favor of the prevailing party. Rhoades v. Metropolis, 36 Ill. App. 123; White v. Simonds, 33 Vt. 178.

Second.   It is contended that the verdict is void because concededly excessive to the amount of three dollars.   Farcical indeed would legal procedure be if heed for one moment could be given to such an absurd contention.   The *remittitur* of three dollars excess was a perfect curative of the miscalculation of the jury.   Without such *remittitur* the maxim *de minimis non curat lex* would effectually dispose of the objection.   However, it is the settled law in this State that errors

arising from an over-assessment of damages, where such errors are not attributable to prejudice or passion of the jury, are cured by a *remittitur* of the excess. McNulta v. Hendele, 92 Ill. App. 273; I. C. R. R. v. Ebert, 74 Ill. 399.

Finally, we do not regard the argument that the trial judge was guilty of indulging in improper or prejudicial remarks in the presence of the jury as being seriously urged as a reason for reversal. It is patent that the remarks challenged are not susceptible, when construed in the light of their natural import to the situation which then confronted the court, of the construction contended for. They were entirely proper and pertinent. But a complete bar to availing of such an objection on review is found in the failure of appellants to assign the same for error. McCaleb v. Coon Run, etc., 190 Ill. 549.

The record being free from reversible error and doing justice between the contestants, the judgment of the Circuit Court is affirmed and the additional abstract is ordered to be taxed as a part of the cost of the cause in this court.

*Affirmed.*