Wash, J.,
delivered the opinion of the Court.
The facts disclosed in the record of the case are, that Atchison, on the 26'th June, 1819, executed a note payable one day after date, to the order of one Alexander St. Clair, for the sum of one hundred and forty-nine dollars; that on the 30ih of September following, Atchison paid to St. Clair twenty dollars in cash, which he caused to be endorsed as a credit on said note, and at the same time delivered to St. Clair a note on one Erastus Brown, for the sum of one hundred and four dollars and fifty-four cents, which when collected was to have been credited to Atchison, on his said note to St. Clair, for which note so received for collection by St. Clair, Atchison took a receipt, without causing the same to be endorsed upon his note to St. Clair. St. Clair, shortly after the receipt of Brown’s note, collected about eighty dollars of the amount and took a new note or gave Brown further credit lor the balance, but omitted to credit Atchison’s note to him, with the amount of Brown’s note, or any part of the money received on account of it; and sometime afterwards, in the spring Of the year 1821, assigned to Cadwaleder, the appellant, the note of *471 Atchison, the appellee, without recourse upon him, St. Clair. This assignment is witnessed, but not dated, upon Atchison’s note so assigned. Cadwaleder commenced a suit at law in St. Charles Circuit Court, at the November term thereof, in the year 1824, obtained a judgment for the sum of one hundred and sixty-seven dollars, which judgment was enjoined, and the injunction made perpetual as to one hundred and thirty-five dollars, at the last July term of the Circuit Court, setting in Chancery, from which the cause has been brought by appeal to this Court. The bill sets out that the appellee made the best defence to the suit at law in his power, but what the defence was is not shown. The bill also states that evidence was discovered after the trial at law, of which the complainant was ignorant and could not avail himself) at the time of trial; but what that evidence is, does not appear, and from all the record the allegation is not sustained. The only evidence of which this complainant has availed himself in equity,, (for aught that appears to this Court,) might just as well have been used at law. No effort was made to use it, nor any reason assigned for his neglect to do so. The naked allegation, «that the best defence in his power was made,” will not answer, especially when it is apparent from the record that every fact of which the complainant sought to avail himself, might, for aught appears, have been established at law. Having laid by, and neglected to make the defences in his power, in the Court of Law, he had no claim to the interference and relief of a Court of Equity. It is contended, however, that as the assignment from St. Clair to Cadwaleder was without date, it could only be ascertained by appealing to Cadwaleder himself, and compelling him to disclose it in his answer. The answer to that is, first, that the assignment is witnessed, and no effort was made to procure the testimony of the witness, nor is any reason alledged for neglecting to do so. And secondly, that the complainant never discovered that matter material, and has not called upon the defendant for a discovery of that fact. The fact is incidentally disclosed in the answer of Cadwaleder, and seems never to have been thought of by Atchison, until that disclosure of which he now seeks to avail himself. Upon this point alone the cause may well be decided, and the decree reversed ; and forasmuch as no sufficient ground is shown for the exercise of equity jurisdiction,
The decree of the Circuit Court must be reversed with costs, and the complainant’s bill dismissed.