PHILIPSON TO USE OF MENARD *v.* BATES' EXECUTOR.

2   116
145  230

1. An action of assumpsit for money had and received, will lie to recover money paid upon a contract for the conveyance of land, where the other contracting party re_.fuses to comply with his contract, or is unable so to do, or where the contract has been rescinded; but where the plaintiff declares specially upon the inability of the defendant to make a good conveyance, the nature and extent of the inability must be set forth

2. To admit secondary evidence, it must, under the circumstances, not only appear to be the *best*, but it must be the *best legal* evidence.

3. A certified copy of part of a record is inadmissible. The whole record must be certified, in order that the Court may be in possession of the full effect of it, for a partial extract may bear a very different import from the whole taken together.

ERROR from the St. Louis Circuit Court.

WASH, J., delivered the opinion of the Court.

This was an action of assumpsit commenced by the plaintiff against the defendant in the Circuit Court. The declaration contains two counts. The first is a special count on the contract, charging that on the 5th of July, 1822, the defendant's testator, (Frederick Bates) by an instrument in writing signed by him, but not sealed or purporting to be sealed, in consideration of $1600 to him in hand paid by said plaintiff, Philipson, the receipt whereof was thereby acknowledged, granted, bargained and sold unto said Philipson or his assigns, two lots of ground, situate immediately above the town of St. Louis, and making part of a larger piece of ground which had been laid off in building lots by William Smith, Manuel Lisa, and said Frederick, which said lots are designated as lots No. 31 and 32, on a plat made of said larger piece of ground by Joseph C. Brown, deputy surveyor; and that said Frederick promised and bound himself by said instrument, to make or cause to be made unto the said Philipson or unto his assigns, a regular deed of sale of said two lots as soon (117) as the hindrance occasioned by the demise of William Smith and Manuel Lisa shall have been removed, &c., and averring that said Philipson had been at all times ready and willing to receive a regular deed, and often requested said Frederick Bates in his life time to make said deed, and to remove or cause to be removed any hindrance that might exist in consequence of the death of said Smith and Lisa. Yet the said Bates did not in his life time make said deed, nor remove or attempt to remove the hindrance occasioned by the demise of said Smith and Lisa, and that since the death of said Bates, the undivided third part of said lots had been levied upon and sold by the Sheriff of St. Louis county by virtue of an execution, &c.; and that the remaining two-thirds are still subject to the lien of a judgment originally rendered against Manuel Lisa; and that by reason of the premises, no deed or title whatever can now be made by heirs or representatives of said Bates or of said Smith or Lisa, or either of them, &c. The second is a general count for money had and received.

On the trial in the Circuit Court, the defendant's counsel moved the Court to strike out the first count of the declaration, which was done accordingly.

56

Philipson *v.* Bates.

The plaintiff proceeding to trial on the second count, offered in evidence the copy of a deed from Frederick Bates to William Smith and Manuel Lisa, under the certificate of the recorder, that the same was a true copy of the record in book F, page 375, in his office. After having proved by the executor of Lisa, and by the person having access to Smith's papers, that the original of which it purported to be the copy, was not to be found amongst their papers. The defendant's counsel objected to the copy, as inadmissible evidence, and the Court sustained the objection. The plaintiff then offered in evidence certain documents, being the copy of a judgment of the old general Court for the Territory of Missouri, rendered at their May term, 1813, against Ma iuel Lisa, and Jaquez Clamorgan, and also the copy of a decree in the Supreme Court for the State of Missouri, rendered at the November term, 1825, on an appeal in Chancery, from a decree rendered in the Superior Court of Chancery at its November term, 1821, against the executors of Lisa and Clamorgan, dissolving the injunction obtained on the original judgment rendered in 1813, and reviving the lien of said judgment—to the reading of which, the defendant's counsel also objected, and the Court sustained the objection and excluded said documents.

The plaintiff gave in evidence, the contract between Frederick Bates and Simon (118) Philipson declared on in the first count, and a deed of conveyance from Peter Chouteau and wife, dated the 6th of August, 1817, to Manuel Lisa, for certain premises therein described, and proved that the lots sold by Bates to Philipson, were part of the ground sold and conveyed by Chouteau and wife to Lisa; and also the Sheriff's dee l to O. N. Bostwick for the undivided third of said two lots, sold by virtue of a judgment and execution as the property of Manuel Lisa, &c.

It was also proved by the plaintiff, that the consideration of $1600 expressed in the contract, had been received by Bates in *real property*, at an agreed value conveyed to him by the plaintiff's brother, in part satisfaction of a debt due to the plaintiff from his said brother.

The defendant's counsel then moved the Court to instruct the jury, that there was no evidence to sustain the second count, which instruction was accordingly given, &c.

The first error assigned, is for striking out the first count. It is insisted that the statute law of this State, R. C., p. 632, section 40, does not authorize the Court to strike out a faulty count, upon motion, at the trial; and also, that said first count is not faulty, but good in law, and would entitle the plaintiff to judgment on general demurrer. The words of the statute are, that "where there are several counts in a declaration, one or more of which are faulty, and entire damages are given, the verdict shall be good, but the defendant may apply to the Court to strike out such faulty count or counts. or to instruct the jury to disregard them. The clause is certainly an extremely awkward one, and presents the subject, as it were, heels foremost. It should read, "where there are several counts in a declaration, one or more of which are faulty, the defendant may apply to the Court to strike out such faulty count or counts, or to instruct the jury to disregard them, but if he shall neglect to do so, and entire damages are given, the verdict shall be good." And it has been practiced upon as if it so read. This construction, which the Courts have given to it, is the only sensible one of which it is susceptible. The objection that it was done upon motion at the trial, without previous notice, has no force. The statute seems clearly to intend, that the thing shall be done in the presence of the jury, and, of course, at the

time of the trial.　The wisdom of such a provision may be well questioned, but the law is so.

To show that the count is a good one, the plaintiff's counsel have cited various authorities, some of which are misquoted, and the others (which have been all examined with the exception of 7 *Mass.* 31,) do not apply.　The cases in 6 *T. R.* 606, and 3 (119) *Bos. and Pull.* 162, were both brought to recover the consideration *after* eviction by the representatives of the vendor.　The case in 5 *John.* is where the vendor refused to convey agreeable to the terms of a verbal contract, and sold the land to another person.　The case in 1 *Dall.* is misquoted.　There is no question as to the general law.　That an action for money had and received will lie to get back money paid upon a contract which the other party refuses so complying with, or which it has become impossible for the other party to execute, (*i. e.*) where the consideration has failed, or the contract is actually or virtually rescinded.

The first count of this declaration presents no such case.　It does not aver the nature or extent of the hindrance occasioned by the demise of Smith & Lisa, or that it was removed, or that it had become impossible for the representatives of Bates ever to make a regular deed, &c.　For aught appears, the time fixed for making the regular deed has not arrived.　There is, therefore, no error in the judgment of the Circuit Court, either in the construction of the statute, or in applying the general principles of the law to the first count.

The second error insisted on, is the rejection of the certified copy of the deed from Bates to Smith & Lisa, as being the best evidence the nature of the case admitted of.　The principle contended for is a sound one, but is most unreasonably invoked on this occasion.　To admit secondary evidence, it must, under the circumstances, not only appear to be the *best*, but it must be the *best* legal evidence.

As the law then stood, it gave no authority to the Recorder to certify the truth of the copy, either from the original deed itself, or from the record of it.　And nothing short of a sworn copy, (or what the law made equivalent to a sworn copy,) of the original deed could have been legally offered in evidence.

It is contended also, that the Court erred in rejecting the certified copies of the record of the Superior and Supreme Courts, and *Peake's Evi.*, p. 43, is relied on.　The authority is directly against the position contended for.　*Peake* says, "the whole record, and not a part only, must be exemplified or copied, in order that the Court may be in possession of the full effect of it; for a partial extract may bear a very different import from the whole taken together."　Here it cannot be pretended that the "documents" offered, comprised the whole record.　It was not the practice of the Courts to make up their records in that form.　Such is the settled doctrine in relation to judgments at law ; whether in equity cases the exemplification of *the decree* (120) *only* would or would not be sufficient, need not now be settled.　Since in the case under consideration the instruction given by the Court below as to the second count, would have been equally correct if the decree had been read in evidence.

There was no evidence to prove that the consideration had failed, or that the contract had been virtually rescinded by the refusal or neglect of Bates or his representatives to execute it according to the terms agreed on.　A clear *non sequeter*, to urge that no deed or title whatever can ever be made by the heirs and representatives of said Frederick Bates, or of said William Smith and Manuel Lisa, because the title to the lots may have been encumbered before or since the contract, or that Bates' representatives will not make a regular deed of sale so soon as the hindrance occasioned

by the demise of Smith and Lisa shall have been removed; because Bates himself and his representatives have neglected or refused to do so upon the application of the plaintiff, which, for aught appears, was before the time agreed on.

This view of the subject makes it unnecessary to decide whether a party can recover at all in this form of action, (money had and received,) where property at a fixed value, and not money, is the consideration, which may be well questioned. And also whether any other consideration than that set forth in a written contract can be shown by parol, which has been decided in various ways in different States, and even in the same State.

Upon the whole matter, the judgment of the Circuit Court is affirmed, with costs.

