EDMUND WRIGHT, Appellant, v. THOMAS L. SALISBURY, Respondent.

1. *Practice, civil — Res adjudicata — Set-off in one suit, not considered, may be afterward made an independent cause of action.* — In a suit upon a note defendant's answer contained an equitable set-off; but at the trial defendant failed to appear, and the set-off was not considered. Defendant afterward brought his separate action for the set-off, but set forth no excuse — as fraud or mistake — for not having prosecuted his former set-off. *Held,* that his case must be treated as if no such defense had been attempted; and further, that the former suit would not be *res adjudicata,* so as to prevent defendant from bringing his separate action for the set-off. The former decision, in order to be a bar to an independent suit, must have been on the merits, and the matter set out must have been determined. If there were any doubt upon that point, it would be competent to prove by parol that the matters set up in the second petition had not been in fact submitted and passed on at the former trial.

*Appeal from St. Louis Circuit Court.*

*Peacock & Cornwell,* for appellant.

*M. L. Gray,* for respondent, cited Cadwallader v. Atchison, 1 Mo. 659; Risher v. Roush, 2 Mo. 95; Yantis v. Burdett, 3 Mo. 457; 15 Mo. 95; George v. Tutt, 36 Mo. 141; Adams' Eq. 196–7, note 1; Vastine v. Bast, 41 Mo. 493; 10 Mo. 100; 6 Mo. 254 · 8 Mo. 679; 24 Mo. 40; Bosbyshell v. Summers *et al.,*

40 Mo. 172; Normanser v. Hitchcock, 40 Mo. 178, 181; 7 Mo. 6, 25; 8 Mo. 686; 10 Mo. 392; 11 Mo. 192; 13 Mo. 582; 18 Mo. 466; 27 Mo. 444.

BLISS, Judge, delivered the opinion of the court.

In 1858 the plaintiff gave West and. Holton his promissory note for $2,000, and, by sundry indorsements, it came through Jane West, wife of one of the payees, into the hands of the defendant, who recovered judgment upon it against the maker. The present action is brought to COMPEL AND SET OFF a claim against West, the husband, and to enjoin the collection of so much of the judgment, claiming that the note was prosecuted for his use; that it was fraudulently placed in the hands of said defendant to be collected in his own name, for the purpose of preventing the application of the set-off of some $1,100, paid by the plaintiff upon an order of West, and by its terms agreed to be supplied upon said note, and also claiming other equities. The defense in part is *res adjudicata*, and upon that ground the Circuit Court dissolved the injunction and dismissed the petition.

It appears that when the original suit was brought upon the note, the facts embraced in this petition were set forth in the answer in order to constitute an equitable set-off to a portion of the claim; but, when the case was called for trial the defendant (present plaintiff) did not appear, his defense was not considered, and judgment was rendered upon the note. In giving the reason for his non-appearance, the present petition states that he relied entirely upon his attorney to look after the case, but that the attorney had, without his knowledge, left the State. Under these circumstances, has the plaintiff a right again to come into court and ask its protection? There is no *res adjudicata*. This equitable set-off has never been passed upon. But having had the opportunity of prosecuting it, and having actually set it out on paper, shall he now be permitted to prosecute it by petition?

This court has frequently held that equity will not interfere to grant a new trial, and let in a defense, where the failure to make it was the result of neglect by the party or his attorney. (Cadwallader v. Atchison, 1 Mo. 659; Risher v. Roush, 2 Mo. 95;

Yantis v. Burdett, 3 Mo. 457; George v. Tutt, 36 Mo. 141.) Nor is it error for the court to overrule a motion for a new trial on account of the absence of the attorney (Stout v. Calver, 6 Mo. 254; Steigers v. Darby, 8 Mo. 679; Normanser v. Hitchcock, 40 Mo. 178); though it might be supposed the court, in its discretion, would ordinarily grant the motion where the excuse for the absence was reasonable, and evident injustice had been the result.

The plaintiff not having set forth in his petition any excuse, as fraud or mistake, for not having prosecuted his set-off in the former suit, that would of itself entitle him to relief, we must treat his case as if no such defense had been attempted. In that case could the matter be prosecuted as an independent claim? If not, he has lost his day in court, and must suffer the penalty of his negligence, and it makes no difference whether the defense were a legal or equitable one. (Dederick v. Hoystradt, 4 How. Pr. 350; Hunt v. Farmers' L. & T. Co., 8 How. Pr. 416.)

I have said that this equitable set-off is not *res adjudicata*. Certainly the matter set forth had not been adjudicated in fact. but it is claimed that the general character of the judgment necessarily implies that it was passed upon; that the finding the issues for the plaintiff must have included all that were made by the pleadings. It certainly would *include all that were* prosecuted or involved in the prosecution. The record shows that this defendant (the present plaintiff) did not appear. His set-off was not then prosecuted, whatever the entry, for it could not be prosecuted. A set-off is an independent claim; a defendant may bring it in to extinguish, in part or the whole, the one upon which he is sued, or he may sue upon it independently. But however brought into court, it is an affirmative demand, that can not be investigated upon the merits unless prosecuted by him who makes it. The court does not sit to represent parties, but to hear their allegations and proofs; and if they fail to appear and present their demands, it can only dismiss them without adjudication. This is necessarily so, and I can not find that the contrary has ever been held.

The subject of former adjudication in relation to prosecutions

by plaintiffs, has often been before the courts, and it is always held that the court must have had jurisdiction; that the decision, to be a bar, must have been upon the merits, and the matter set out must have been determined. (See 1 Greenl. Ev., §§ 522, 530, and cases cited; also Bell v. Hoagland, 15 Mo. 360; Cow. & Hill's note 262 to Phillips' Ev.) And when a question is made as to the identity of the matters litigated in the first suit, parol evidence is admissible to explain the record. (Same note and cases cited.) And this court has held, in Normanser v. Hitchcock, 40 Mo. 178, and in Downing v. Still, 43 Mo. 321, that if the plaintiff fails to appear and prosecute his action, the court can not render judgment upon the merits, but must dismiss it. (See also Stephens on Plead. 109.) The same rule should hold in favor of an independent claim set up by a defendant if he fail to appear and prosecute it.

The court, in Risher v. Roush, 2 Mo. 97, though it was not the main point involved in the case, said: "If the party have any demand good by way of set-off, he must be driven to his separate action for remedy if he submitted no evidence on that point in a court of law."

Burrell v. Knight, 51 Barb. 267, was an action upon a warranty of a horse. It appeared that before the action was brought the plaintiff had been sued by the defendant for the price of the horse, and that he set up the breach of the warranty as a defense. He did not, however, appear at the trial, and judgment was rendered against him for the price upon the testimony of the plaintiff. After the trial, but before the justice had entered judgment, the defendant had withdrawn his defense. The Supreme Court, at general term, held that he was not precluded by the defense from bringing his action from the fact that he did not appear at the trial. "The defendant," says the court, "did not appear at the trial. The action was undefended. The only witness examined was the plaintiff, and it is not to be presumed he gave any testimony touching the defense. The defense, therefore, was never submitted to the justice. A withdrawal of the answer by the defendant's counsel was quite unnecessary."

The court cited numerous authorities in cases where adjudica-

tions were alleged to have been had upon claims submitted by plaintiffs, and made no distinction between them and the one then under consideration, and remarked further: "The authorities are that where the case is tried and the claim is submitted to the jury or the court, it can not in another action be litigated. The pleadings may present the claim, but if no testimony is given in support of it, and it is not submitted to the court or jury, it will not be barred unless it is a claim which the party is bound to present and litigate in that suit, as in some cases a set-off in a justice's court. And whether the claim was litigated and submitted is a question which may be proved upon the trial of the second action. * * * If the record, as in this case, shows that the claim was not tried and submitted, no other proof is necessary."

The court, in the judgment now under consideration, found the issues for the plaintiff, and it affirmatively appears that the defendant was not present, and hence did not prosecute his claim. The inference must be that the court found only such issues for the plaintiff as it could lawfully consider, and that it found nothing upon the matters that were not submitted for its consideration; and if there were any doubt upon this point, it would be competent to prove by parol that the matters set up in the present petition were not in fact submitted and passed upon.

The petition alleges that West, to whom the plaintiff advanced the $1,100, is the owner of the judgment, or most of it; that the note was transferred to Salisbury to enable West to cheat and defraud the plaintiff, and prevent him from setting off this advance; that West is insolvent, and is about to recover of the plaintiff the judgment he had obtained in the name of Salisbury while protected by his insolvency from his own indebtedness. It is a proper case for equitable interference. (Field v. Oliver, 43 Mo. 200.) The matter has not been adjudicated, nor was the plaintiff bound to set it up as a defense to the former suit.

The other judges concurring, the judgment is reversed and the cause remanded.