S. ALBERT GROCER COMPANY, Respondent, v. THE ESTATE OF JOHN PAINTER; SOPHIA PAINTER, Administratrix, Appellant.

St. Louis Court of Appeals, April 7, 1896.

Administration : ALLOWANCE OF OFFSET. A probate court has jurisdiction to render a judgment of offset on the presentation of a demand against the estate of a decedent, only when an offset to such demand is presented by the legal representative of the estate.

*Appeal from the Cape Girardeau Court of Common Pleas.*
Hon. ALEXANDER Ross, Judge.

REVERSED AND REMANDED.

*J. W. Limbaugh* for appellant.

*Robert H. Whitelaw* and *Robert L. Wilson* for respondent.

BOND, J.—The plaintiff is a business corporation organized in March, 1892, as the successor of the grocery business previously owned and conducted by S. Albert. Plaintiff acquired the assets, and assumed the liabilities, of its predecessor. Prior to the formation of the plaintiff corporation, S. Albert carried on his grocery business in a building belonging to John Painter, paying a yearly rental of $700. In July, 1891, said Painter died and defendant qualified as his administratrix. In March, 1893, plaintiff asked for the allowance, "as an offset," of two book accounts against said Painter's estate in favor of S. Albert. The Cape Girardeau court of common pleas on its probate side adjudged in favor of plaintiff's claims allowing them, as an offset, in the sum of $2,196.25. From a judgment accordingly the defendant administratrix appealed.

This record shows fatal defects on its face. Necessarily no valid judgment of an "offset" could have been rendered by the probate court in favor of the claimant, unless a claim against it was presented by the administratrix. The record fails to show that such claim was presented for allowance. The jurisdiction of the probate court to allow demands against the estate in the hands of the personal representative is defined by statute. R. S. of 1889, secs. 191, 192, *et*

*seq.* Such demands, when presented, are subject to "offsets and other defenses" by the administrator, and, if exceeded by such offsets, judgment may be rendered for the administrator for the excess. For the foregoing reasons the judgment will be reversed and the cause remanded. All the judges concur.