DORSEY A. JAMISON, Administrator of SADIE NOE, Deceased, Appellant, v. EDMUND F. WICKHAM, Administrator of JOHN WICKHAM, Deceased, Respondent.

67  575
88  593

St. Louis Court of Appeals, December 8, 1896,

Decedent's Estate, Allowance of Claim Against, By Probate Court: CREDIT, IN SUBSEQUENT PROCEEDING, FOR PAYMENT ON CLAIM PRIOR TO ALLOWANCE: RES ADJUDICATA: EVIDENCE.    An allowance by the probate court, of a claim against the estate of an intestate, made in the proper exercise of its jurisdiction, unreversed, unappealed from, and of which the defendant administrator had due notice, is conclusive between the parties, and not subject, in a subsequent proceeding by the administrator of the claimant to subject the real estate of defendant's intestate to the payment of such allowance, to a credit for an amount paid on such claim before the allowance was made; and it was error to admit in evidence for such purpose, over plaintiff's objection, a receipt of plaintiff's intestate for such sum so paid.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN M. Wood, Judge.

REVERSED AND REMANDED; BIGGS, J., dissenting.

*Jos. W. Lewis* for appellant.

When the merits of a controversy have been passed upon by a court of competent jurisdiction, they become *res adjudicata,* and are not open to inquiry between the same parties or their privies in any other suit, unless the judgment was procured by fraud or an appeal duly taken. *Spradling v. Conway,* 51 Mo. 51; *Greenabaum v. Elliott,* 60 *Id.* 25; *Union R. R. & Transportation Co. v. Traub,* 59 *Id.* 355; *Mason v. Summers,* 24 Mo. App. 174.

The allowance of a claim by the probate court is a judgment of a court of record, and has all the force and effect of a judgment of the circuit court. R. S. 1889, sec. 191; *Johnson v. Beazley,* 65 Mo. 250; *Rowden v. Brown,* 91 *Id.* 429, 432; *Price v. Springfield Real Estate Ass'n,* 101 *Id.* 107, 116; *Sherwood v. Baker,* 105 Id. 472; *Murphy v. DeFrance, Id.* 53, 62; *Cooper v. Duncan,* 20 Mo. App. 355; *Munday v. Leeper,* 120 *Id.* 417, 419.

The character and finality of *res adjudicata* attach to allowances of the probate court to the same extent they do to judgments of other courts. *McKinney's Adm'rs v. Davis,* 6 Mo. 261; *Jones v. Brinkler,* 20 *Id.* 87; *State v. Roland,* 23 *Id.* 95; *Mitchell v. Williams,* 27 *Id.* 399; *Picot v. Bates,* 47 *Id.* 390; *Lewis v. Williams,* 54 *Id.* 200; *Townsend's Adm'r v. Townsend,* 60 *Id.* 246; *Sheets v. Kirtley,* 62 *Id.* 417; *Smith v. Sims,* 77 *Id.* 269; *Camden v. Plain,* 91 *Id.* 117, 129; 1 Freeman on Judgments, sec. 319 b; 2 Black on Judgments, sec. 633.

*Harmon J. Bliss* for respondent.

Payments by way of advancement, on an unallowed claim, made to a claimant by an administrator, are proper credits which should be applied on the allowance after the same has been made. 1 R. S. 1889, sec. 193.

BOND, J.—On October 6, 1893, a claim for $1,537.39 in favor of Sadie Noe against the estate of John Wickham, deceased, was allowed by the probate court of St. Louis. Prior to this allowance the administrator of said estate paid said Sadie Noe, on account of her claim, sums aggregating $354.48, taking her receipt therefor of date September 15, 1893. Subsequent to such allowance $350 was paid thereon. As to this payment there is no dispute between the parties. Sadie Noe died December 23, 1893. Administration of her estate was granted plaintiff January 19, 1894. He thereafter applied for a sale of the real estate of defendant's intestate for the payment of said allowance, less the sum paid thereafter, and other debts. This application was heard in the probate court and denied on the ground that said allowance should be credited by the amount paid before it was made, and that with this deduction the defendant tendered payment in full of what remained, to wit, $932.26. From this ruling plaintiff appealed to the circuit court, which court affirmed the ruling of the probate court, receiving in evidence for that purpose, over plaintiff's objection, the receipt of plaintiff's intestate showing the payment to her of $354.48 on her demand prior to its allowance by the probate court. The circuit court further held that upon payment by defendant of the amount of said allowance, less the payments thereon made *before* and after

the date of said allowance, the defendant should stand discharged of any and all liability to plaintiff. From this judgment, after the overruling of his motion for a new trial, plaintiff appeals to this court, and assigns as error the action of the trial court in admitting in evidence the receipt executed by plaintiff's intestate prior to the date of the allowance of her said claim.

Although some points are made in respondent's brief as to the statutory sufficiency of the proceedings begun by plaintiff for the sale of the real estate of plaintiff's intestate, yet in the conclusion of his brief, as well as on oral argument, defendant's counsel asks for a decision in this court as to the correctness of the ruling of the trial court in subjecting the allowed demand to a credit for the amount paid the claimant anterior to its allowance. As the decision of this question goes to the merits of the case and may save the parties further litigation and expense, his suggestion will be adopted. The allowance in favor of plaintiff's intestate was made by the probate court in the orderly exercise of the jurisdiction conferred upon that tribunal by the constitution and laws of this state. Hence it had all the force and conclusiveness of a judgment of a court of general jurisdiction between the same parties. *Munday v. Leeper*, 120 Mo. 417; *Brawford v. Wolfe*, 103 Mo. 391. In the language of the statute it was a final determination of the right of the parties in the action. R. S. 1889, sec. 2206. Being unreversed and unappealed from, it was conclusive of the matters adjudicated, except upon an attack for fraud in its procurement. The essential issue when the allowance was made, was the quantum of the demand presented. The judicial act involved in the making of the allowance was the determination of this issue of fact. It resulted in a judgment fixing the amount the claimant was entitled to recover at that date at $1,537.39. This judicial award

was a finality between the parties whereby the applicability to said judgment, of prior credits upon the sum demanded, became *res adjudicata.* A contrary notion would upset the fundamental idea that a judgment fixes the extent of the recovery in the action wherein the judgment is rendered. The learned counsel for respondent does not dispute these axiomatic truths with reference to the force and conclusiveness of judgments in general, but insists that the allowance (or judgment) in this case should be regarded as made at the time of the death of defendant's decedent, and hence subject to credits arising after such time, although prior to the actual date on which the allowance was made. There is no ground upon which this position can be logically maintained. There is nothing in the nature of an allowed demand which distinguishes its efficacy in point of time from that of other judgments, or which makes its conclusiveness referable to a past date, instead of the actual date of its rendition. It is argued in favor of such distinction that otherwise administrators making payments in good faith on claims before their allowance would be prejudiced by not receiving credits for such payments on the subsequent settlement of the estate in their hands. This theory rests upon the mistaken notion that the allowance of the balance due a claimant after subtracting an offset presented by the administrator, is an adjudication that such balance *only* is the amount of the debt against the estate, wherefore the record of allowance would contain no evidence, that the offset had been applied in reducing an indebtedness of the estate. Probate courts and circuit courts have concurrent jurisdiction in the establishment of demands against the estates of decedents. R. S. 1889, 190, 191, *et seq.* When demands are presented for allowance in the probate court, they are subject to defenses by the administrator "of all offsets and other

defenses allowed by law." R. S. 1889, sec. 191; *S. Albert Grocer Co. v. The Estate of John Painter*, 66 Mo. App. 481. In the present case the administrator had due notice of the presentation of the demand in controversy for allowance. It was his duty at the time set for its hearing to have made a claim for any sums paid by him to the claimant. If both the demand and such offset were substantiated by the evidence, it was the duty of the probate court to have adjudicated the full amount of the demand against the estate, the full amount of the set-off in favor of the administrator, and to have allowed the demand of the claimant for the excess of her demand over the offset found in favor of the estate. An entry of allowance embodying substantially these findings would furnish a proper basis for the allowance to the administrator on his final settlement of full credit for any sum paid by him before the presentation of the demand, provided the estate was solvent. That such an entry was not made in the present case is the fault or omission of the defendant administrator in not claiming the offset evidenced by the receipt of plaintiff's intestate, dated September 15, 1893, at the time the demand was adjudicated by the probate court. Plaintiff's neglect to set up such offset until after judgment of allowance, does not entitle him in this proceeding to upset the judgment to the extent of his alleged set-off. The circuit court in effect permitted him to do this by receiving evidence of the amount paid on the demand in suit anterior to its allowance. Defendant's action in paying part of the claim before its allowance or establishment by judgment was without statutory warrant or authority. By this imprudence he would necessarily lose credit on his settlement for the sum so paid, unless the estate should prove solvent, and even in that event he would not be entitled to credit for such

payments without showing an entry of allowance or judgment substantially, as indicated above. In the case at bar defendant is deprived of any recourse against the estate for his advancements of money to plaintiff's intestate on her demand before its allowance. He is not, however, precluded from an independent suit in his individual capacity against plaintiff for the money so paid. Such an independent action in his own right is not barred by the presentation and allowance in full of plaintiff's intestate demand against him in his fiduciary capacity. R. S. 1889, sec. 1837; *Sanford v. Foss*, 58 Mo. 474. Nor is any person who is entitled to a set-off against another precluded from asserting it in an independent suit, when it has not been pleaded and passed on in a prior action between the parties. *Wright v. Salisbury*, 46 Mo. 26; *Mason v. Summers*, 24 Mo. App. 174. The ruling of the trial court in admitting evidence of the payment made prior to the allowance of plaintiff's demand was error, for which the judgment must be reversed and the cause remanded for trial in conformity with the views herein expressed. It is so ordered. Judge ROMBAUER concurs. Judge BIGGS dissents.

BIGGS, J. (*dissenting*).—The fundamental error in the majority opinion is that it treats the amount paid to Miss Noe as an absolute payment on her demand; that is, as a discharge of the debt *pro tanto* as to the estate, whereas it ought to be treated merely as an advancement by the defendant administrator in his individual capacity upon an implied agreement on the part of Miss Noe that she would take the necessary steps to have the demand allowed and upon a final settlement of the claim she would allow the amount as a credit thereon. This is the reasonable and legal view as it is conceded in the opinion that the defendant had no

right to use the money of the estate in the discharge or partial discharge of the claim, and if followed no injustice would be done to anyone. As it is, a portion of Miss Noe's demand will be collected twice, and the defendant is told to pursue an exceedingly doubtful remedy against her estate for his reimbursement. The law and the facts in the case do not in my judgment require such circumlocution. Besides the hope held out to the defendant is a false one, for if he ever had a claim for reimbursement against the estate of Miss Noe his demand is now barred by the statute of limitation, provided there was prompt publication of the notice of grant of letters.

For the reasons stated I must dissent from the conclusion reached by my associates.