D. W. CLOWSER, Appellant, v. P. W. NOLAND, Respondent.

Kansas City Court of Appeals, November 22, 1897.

**Costs:** MOTION TO RETAX: PRACTICE AS TO OVERRULING IN THE ABSENCE OF THE MOVER. Where a motion to retax costs is overruled in the absence of plaintiff or his attorney, the proceeding is irregular and will be set aside on proper application for want of jurisdiction in the court to make such order, since the proper practice is on the nonappearance of the mover to dismiss the motion.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*Crow & Hendrick* for appellant.

(1) An irregularity has been defined in *Hirsh v. Wiesberger*, 44 Mo. App. 506, and cases cited; *Branstetter v. Rives*, 34 Mo. 318. (2) The judgment or order rendered or made at the September term, 1896, should have been set aside as irregular and void for the reason that the admissions of the parties and testimony show that the plaintiff did not appear in court when the cause was called. The nonappearance of appellant was a dismissal of his motion and the court had no power to render judgment against appellant and thereby exclude him from any relief that plaintiff might be entitled to. *Nordmaster v. Hitchcock*, 40 Mo. 178; *Downing v. Still*, 43 Mo. 309, and cases cited; *Wright v. Saulsbury*, 46 Mo. 26, and cases cited; Thompson on Trials, secs. 2229 and 2232; *People v. Bacon*, 18 Mich. 242; *Johnson v. Drumway*, 26 Atl. Rep. 590; *Keater v. Glaspie*, 44 Minn. 448; 47 N. W. Rep. 52; *Felts v.*

*R. R.*, 170 Pa. St. 432; 33 Atl. Rep. 97; *Philips v. Cassidy*, 36 La. Ann. 288; Stevens on Pleading, star page 100; 16 Am. and Eng. Ency. of Law, p. 733, and cases cited. (3) Motion is proper remedy to reach void judgment for irregularity. McQuillin, Plead. and Prac., secs. 888, 889; *Branstetter v. Rives*, 34 Mo. 318; *Lawther v. Agee*, 34 Mo. 372; *Dowing v. Still*, 43 Mo. 309; *Hirsh v. Wiesberger*, 44 Mo. App. 506; *Ex parte Gray*, 77 Mo. 160. (4) The order made at the September term, 1896, was in the nature of a final judgment, and in the case at bar all the rules for setting aside judgments apply. *Peak v. Reed*, 14 Mo. 79; *State ex rel. v. Sullivan Co.*, 51 Mo. 522; *Haseltine v. Thrasher*, 65 Mo. App. 334.

SMITH, P. J.—This was an action of ejectment in which defendant had judgment.

At the September term, 1896, of the court the plaintiff filed a motion to retax certain costs, which motion was, later on during the term, overruled.

STATEMENT.

At the same term the plaintiff filed a motion to set aside the order overruling the motion to retax, alleging as a ground therefor: *First*, "that said motion to retax was called and by the court overruled in the absence of plaintiff or his attorneys and without giving them notice that the same would be called and without hearing any testimony or argument;" *second*, "that plaintiff had no opportunity on said motion to notify his witnesses or get ready for trial, and that said motion was not set down for trial on a day certain," etc.

Extrinsic parol evidence was heard by the court in support of the motion to set aside which strongly tended to support the ground thereof. It showed that neither the plaintiff nor his attorneys were present when the motion to retax was called and by the court

overruled. The court overruled the motion to set aside the order and from this order plaintiff has appealed.

The statute provides that the judgment of any court of record shall not be set aside for *irregularity* on motion unless such motion be made within three years after the term at which such judgment was rendered. R. S., sec. 2235.

An irregularity, as defined in 1 Tidd's Practice, 512, is the want of adherence to some prescribed rule or mode of proceeding, either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time, or improper manner, and in general is either in the *mesne* process or the proceedings thereon before judgment or in the judgment or execution. And this definition has been applied to the term as used in the statute just quoted. *Branstetter v. Rives*, 34 Mo. 318; *Hirsh v. Wiesberger*, 44 Mo. App. 506. It is stated in *Bronson v. Schulten*, 104 U. S. 410, that: "It is a general rule of the law that all judgments, decrees, and other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, or annulled by that court." *Harbor v. R'y*, 32 Mo. 423; *Ashby v. Glascow*, 7 Mo. 320; Black on Judgments, sec. 305.

COSTS: motion to retax: practice as to overruling in the absence of the mover.

The plaintiff's motion was to set aside the judgment not on account of an irregularity not appearing upon the face of the record. It is grounded on latent errors of fact which did not appear on the face of the record and which could only be brought to the attention of the court by evidence *aliunde*. A motion to set aside a judgment for irregularity or error in fact in its

rendition may be regarded in the nature of a writ of error *coram nobis*, or as warranted under the provisions of our statute authorizing a motion for that purpose to be filed within three years after such judgment is rendered. *Craig v. Smith*, 65 Mo. 536; Black on Judgments, sec. 303. Such motion may be supported by affidavits or evidence. *Latshaw v. McNees*, 50 Mo. 381; *Ex parte Gray*, 77 Mo. 160.

The irregularity in making the order, which was in effect a final judgment, it is insisted, is to be found in the action of the court in rendering it in the absence of the plaintiff and his attorneys. In Thompson on Trials, sec. 2229, it is stated that the failure of the plaintiff to appear when his case is called for trial is equivalent to the expression of an election on his part to take a nonsuit. In such case no judgment can be taken against him, but his action should be dismissed, or judgment of nonsuit entered. In *Nordmanser v. Hitchcock*, 40 Mo. 179, was where the plaintiff did not appear when the cause was called for trial and the court proceeded to hear evidence at the instance of the defendant and gave judgment for him. It was declared by the court in the course of its opinion in the case that "If the plaintiff does not come into court to prosecute his suit no judgment can be taken against him and his action should be dismissed." *Wright v. Salisbury*, 46 Mo. 26, was where the defendant had pleaded an equitable set-off and at the trial made no appearance and his set-off was not considered. Later on he brought a separate suit for the set-off. The defense was *res adjudicata*. Touching the question whether the set-off was *res adjudicata* the court in substance said the set-off was an independent claim brought into court by the defendant and could not be investigated on the merits unless prosecuted by him. The court does not sit to repre-

sent parties but to hear their allegations and proofs; and if they fail to appear and present their demands it can only dismiss them without adjudication. In a Minnesota case—*Keator v. Glaspie*, 44 Minn. 448—it was said that: "At the common law if the plaintiff failed to appear at the trial he was nonsuited, and there could be no trial or decision on the merits in his absence."

These and other authorities that might be cited declare in effect that the nonappearance of a plaintiff when his case is called for trial deprives the court of jurisdiction to render judgment against him on the merits. It was only jurisdiction in such case to dismiss the cause. *Phillips v. Cassidy*, 36 La. 288. The legislature has, however, changed this common law rule when there is a counterclaim pleaded by the defendant. The dismissal of the plaintiff's suit does not carry with it the counterclaim. The defendant may still try the cause of action alleged in his counterclaim. R. S., sec. 8172.. Beyond this the rule remains intact.

In passing along it may be remarked that it is made sufficiently plain from what has already been said that the defense of *res adjudicata* does not arise in the case, for the reason that the matters set forth in the motion were not adjudicated in fact. The court was without the requisite jurisdiction to do so. *Wright v. Salisbury*, *supra*.

We think the authorities to which we have adverted indubitably show that the action of the trial court in overruling the motion to retax costs, or which is the same thing in effect giving judgment on the merits for defendant, in the absence of the plaintiff, was an "irregularity" which was fatal. There was a departure from the mode of proceeding that was necessary for the due and orderly conducting of the suit. The court in ren-

dering the judgment did an act which was irregular because without its jurisdiction. Under the undisputed evidence disclosed by the record the trial court should have sustained the motion to set aside the order on the motion to retax the costs.

The judgment appealed from is reversed and cause remanded. All concur.