## CORNELL, Respondent, v. KING, Appellant.

**St. Louis Court of Appeals, April 24, 1906.**

**(Opinion by Bland, P. J.)**

1. **SET-OFF: Independent Action: Dismissal by Plaintiff.** Under section 4499, Revised Statutes of 1899, a set-off or counterclaim (except in a certain class of cases) is deemed in law an independent action begun by the defendant against the plaintiff and the dismissal of the plaintiff's action does not affect the set-off or the right of the defendant to prosecute it to final judgment.

2. ——: ——: ——. Where plaintiff fails to appear when his case is called for trial, that is equivalent to an election on his part to become nonsuited. Where a plaintiff failed to appear and the defendant, having filed a set-off, proceeded to trial thereon and by his evidence admitted that he owed the plaintiff a sum in excess of his own demand, it was error on the part of the trial court to render judgment for the plaintiff for the excess.

Cornell v. King.

**(Dissenting Opinion by Goode, J.)**

3. ———— ———— ————. Where the plaintiff failed to appear and the defendant proceeded to trial on a counterclaim which he had filed in the cause, and in his evidence the defendant admitted an indebtedness to the plaintiff in excess of the amount of his counterclaim and asked in his counterclaim that it be allowed in reduction of what he owed the plaintiff, a judgment by the trial court for plaintiff for the amount which the defendant admitted he owed plaintiff in excess of his counterclaim was not error.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

REVERSED AND REMANDED.

*T. P. Bashaw, J. D. Rippey* and *H. A. Baker* for appellant.

Defendant's motion to vacate the judgment should have been sustained. The recitals of the judgment were not in accordance with the facts, as shown by the record. Again, the court had no right under the facts of record to enter any judgment on plaintiff's cause of action. Upon her failure to appear and prosecute her case the court was shorn of any power to render a verdict and judgment in her favor; and before our statute (sec. 4499, R. S. 1899), the rule was that only a judgment of nonsuit or dismissal can be entered. Nordmanser v. Hitchcock, 40 Mo. 179; Thompson on Trials, sec. 2229. But since said statute defendant may have judgment on his counterclaim against a non-appearing plaintiff whose case is nonsuited or dismissed for that reason. Sec. 4499, R. S. 1899.

*Stern & Haberman* for respondent.

Even if the appeal bond had actually been approved by the court and had the notice of appeal been given, the cause would not have been triable without the express consent of the appellee. The reason for this rule is, that

an appeal from a justice court is not triable at the next
term in the circuit court unless by the express consent
of the appellee. R. S. 1899, sec. 4075. In Nay v.
Railroad, 51 Mo 575, it is held that in the absence of the
appellee so consenting the case "will stand continued as
a matter of law till the next term." Williamson v. Rail-
road, 25 Mo. App. 481; Bucholz v. Windhorst, 7 Mo. App.
583.

STATEMENT.—The suit was begun before a justice
of the peace on a landlord's summons for one month's
rent ($65), and the possession of the premises, No. 3412
Lucas avenue, described as a rooming house, in the city
of St. Louis. Defendant filed his answer in which he al-
leged that he occupied the premises as a tenant of plain-
tiff under a three-year lease, from September 23, 1902,
at a monthly rental of sixty-five dollars per month, pay-
able in advance on the twenty-third day of each month,
and filed therewith a counterclaim for ninety-four dol-
lars and eighty-three cents damages, which he alleged ac-
crued on account of certain alleged breaches of the lease
by plaintiff.

The cause was taken to the circuit court by appeal
from the judgment of the justice. It was set for hearing
in the circuit court on October 22, 1903. The plaintiff
failed to appear in person or by attorney and plaintiff's
suit, on the verbal motion of defendant, was dismissed.
Defendant then verbally moved the court to assess dam-
ages on his counterclaim. A jury was waived and the
court heard the evidence of defendant, which was as
follows:

"Q. How much rent do you owe her now? A. I
owe her now $650.

"Mr. Rippey: Are you ready and willing to pay
that? A. I am. I have paid my rent right along to my
bondsman. He has held the $65 a month that I have paid
him every month. He held it up until day before yester-
day—

"The Court: What became of it then? A. I got a check for it and got it in currency.

"Q. Are you ready to tender it? A. I tendered it to the clerk, Mr. Fitzsimmons.

"Q. And he paid it into the court? A. No, sir, I have it here now.

"The Court: I don't see how he can get a judgment against this plaintiff when he owes the plaintiff the $650.

"Witness: At the time the suit was commenced I only owed her a month's rent and I was willing to pay the rent right along since then, but they would not accept it.

"The Court: Well, I will consider the matter. I think all parties are entitled to proper credits, but matters are not in such a shape that judgment can be rendered for the defendant in the premises. All these matters should be settled between the litigants. (To witness): How much rent do you owe now? Ten months' rent, $650.

"Q. And you claim an offset of $94 and something? A. Yes, sir, whatever it is.

The Court: I will take the matter up and consider it later."

During the same term, under date of November 18th, the record shows the following:

"Thereupon and during the same term a question having arisen as to the ruling of the court as to the dismissal of the plaintiff's cause of action and the propriety of a judgment on the defendant's set-off, or counterclaim, in a landlord and tenant summons, the court reconsidered the motion to dismiss the plaintiff's cause of action and refused to enter the dismissal of record and then and there advised the defendant's counsel of the ruling, and further, that the alleged tender should be continued by the deposit of the amount due in court, which the defendant's counsel, Mr. J. D. Rippey, subsequently notified the court that the defendant declined to do."

No instructions were asked or given and the verdict of the court was for plaintiff for seven hundred and fifteen dollars on her cause of action and for defendant for ninety-four dollars and eighty-three cents on his counterclaim. The court rendered judgment for plaintiff for the difference ($620.17) and for possession of the premises. Defendant, after taking the usual steps to preserve his exceptions to the action of the court, appealed.

BLAND, P. J. (after stating the facts).—A set-off or counterclaim filed in an action (except in a certain class of cases, of which this is not one) by section 4499, Revised Statutes 1899, is deemed in law as an independent action begun by defendant against the plaintiff, and the dismissal or discontinuance of plaintiff's action does not affect the set-off or counterclaim, but the defendant may, notwithstanding the dismissal or discontinuance of the plaintiff's cause of action, prosecute his set-off or counterclaim to a final judgment, and in all respects he occupies the position of plaintiff as to such set-off or counterclaim.

In Thompson on Trials, section 2229, it is stated: "The failure of the plaintiff to appear, when his case is called for trial, is equivalent to the expression of an election on his part to become nonsuited."

In Nordmanser v. Hitchcock, 40 Mo. l. c. 183, it is said: "If the plaintiff does not come into court and prosecute his suit, no judgment can be taken against him, and his action should be dismissed, or judgment of nonsuit rendered." (This rule is now changed by section 4499, supra, as to a set-off or counterclaim filed by the defendant.)

In Wright v. Salisbury, 46 Mo. l. c. 28, it is said: "The court does not sit to represent parties, but to hear their allegations and proofs; and if they fail to appear and present their demands, it can only dismiss them without adjudication." [See also Clowser v. Noland, 72 Mo. App. 217.]

The court, in this case, notwithstanding the plaintiff failed to appear in person or by attorney to prosecute her demand, took up his side of the case, represented him in the taking of the evidence, found for him on his cause of action and rendered judgment in his favor. In the circumstances, the court was without jurisdiction to render any judgment in plaintiff's favor. She should have been nonsuited or her cause of action dismissed. [Authorities, supra].

The judgment is therefore reversed and the cause remanded. *Nortoni, J.,* concurs; *Goode, J.,* dissents.

GOODE, J. (dissenting).—No doubt if a plaintiff fails to appear his case ought, as a general proposition, to be dismissed. But this rule, like all others, has limits and ends where it cannot be enforced without losing sight of reason and justice. The facts in the record of this case are peculiar. Under the law as it now stands, the dismissal of a plaintiff's case does not carry a counterclaim with it, but there may be a trial and judgment on the latter after the main case is dismissed. The counterclaim pleaded by the defendant admitted an indebtedness to plaintiff *and only asked that his counterclaim be allowed in reduction of whatever rent he owed plaintiff.* He has never asked for an independent judgment on his counterclaim. Now when plaintiff did not appear at the trial, the defendant pressed for a judgment on his counterclaim, and introduced the lease in evidence under which his indebtedness to plaintiff accrued. The witness himself swore, in making out his counterclaim, that he owed plaintiff $650 rent and claimed an offset of $94. Therefore, the judgment of the court was in exact accord with the defendant's own pleadings and testimony, and I think was right. The court could not have done otherwise without acting contrary to what defendant asked in the very counterclaim he pressed to a judgment Therefore, the court was, in a sense, forced by defendant's own pleading and testimony to reinstate

plaintiff's case and give judgment as defendant demanded. Was the court to award defendant a judgment on his counterclaim against all justice, without reference to what he confessed he owed plaintiff, and in the teeth of his prayer that what he claimed against her should be allowed in reduction of what he admitted owing her? The court did not take up plaintiff's case and try it, but simply entered judgment on the evidence produced by defendant and in accordance with the pleadings. In truth the defendant does not pretend to assert that the judgment was unwarranted by the merits of the case or that he has been prejudiced. He stands on a naked technicality. For that reason I think the judgment should be affirmed.