## THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY

### v.

### AUGUST CLEMENS.

NEGLIGENCE—CROSSING RAILROAD TRACK.—It is the duty of persons about to cross a railway track to look about them and see if there is danger; not to go recklessly upon the road, but take the proper precautions themselves to avoid accidents. If a party rushes into danger which by ordinary care he could have seen and avoided, no rule of law or justice can be invoked to compensate him for an injury he may thereby receive.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed January 7, 1880.

Mr. C. D. ROYS, for appellant; that if plaintiff relied upon an ordinance of the city in support of his claim, such ordinance must be proved, cited Stevens v. City of Chicago, 48 Ill. 498.

That it was the duty of plaintiff to look about him in crossing a railroad track: L. S. & M. S. R. R. Co. v. Sutherland, 2 Bradwell, 307; C. & N. W. R. R. Co. v. Sweeny, 52 Ill. 325; C. R. I. & P. R. R. Co. v. Bell, 70 Ill. 102; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576.

There are no degrees of gross negligence: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576.

Where a party has been guilty of negligence he cannot recover unless the injury is wantonly inflicted by the defendant; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 510; C. B. &. Q. R. R. Co. v. Dewey, 26 Ill. 255; Harwood v. C. B. &. Q. R. R. Co. Ill. Sup. Ct. 1879; C. R. I. & P. R. R. Co. v. Still, 19 Ill. 500; G. & C. U. R. R. Co. v. Dill, 22 Ill. 265; C. & A. R. R. Co. v. Gretzner, 46 Ill 74; Ill. Cent. R. R. Co. v. Godfrey, 71 Ill. 500; Ill. Cent. R. R. Co. v. Hall, 72 Ill. 222; Ill. Cent. R. R. Co. v. Green, 81 Ill. 19; Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 510; L. S. & M. S. R. R. Co. v. Miller, 25 Mich. 274; Stevens v. Syracuse, R. R. Co. 18 N. Y. 422; Bresegal v. N. Y. C. R. R. Co. 34 N. Y.

625; Ernst v. H. R. R. R. Co. 39 N. Y. 61; Telfair v. N. R.
R. Co. 3 Am. Law Reg. 665; Reeves v. R. R. Co. 30 Penn.
250; P. Ft. W. & C. R. R. Co. v. Dunn, 59 Penn. 280.

Messrs. BRANDT & HOFFMAN, for appellee; that appellant
was guilty of negligence, cited Ill. Cent. R. R. Co. v. Ebert, 74
Ill. 399; Weick v. Lander, 75 Ill. 93.

WILSON, J.   This was a suit brought by August Clemens,
appellee, against the Lake Shore & Michigan Southern Rail-
way Company, before a justice of the peace, to recover dama-
ges for injuries to his milk wagon, occasioned by a collision
with a freight train of the company at Taylor street, in the city
of Chicago.

The case was taken by appeal to the Superior Court of Cook
county, where a trial was had before a jury, resulting in a ver-
dict for the plaintiff, with damages assessed at $137.95.   The
plaintiff remitted $20.00, and had judgment for $117.95 and
costs.   The railway company brings the case to this court by
appeal, and assigns several errors, of which we deem it neces-
sary to consider only one, namely:

That the court erred in overruling the motion of the appel-
lant to set aside the verdict and grant a new trial.

We think the verdict was wholly unwarranted by the evi-
dence.   Clemens, for several years prior to the accident, had
been engaged in the milk business, supplying customers in va-
rious parts of the city from his milk-wagon.   He testifies that
for a period of eleven years next preceding the time of the acci-
dent he had passed along Taylor street and over the railroad
crossing where the accident happened, daily, and sometimes
two or three times a day.   He was entirely familiar with the
location of the railroad tracks and the movement of trains at
that point; he had constantly seen them switching, starting,
backing and standing across the street.

On the day of the accident, Clemens was driving east along
the south side of Taylor street, and had crossed over the main
tracks and driven up near to the freight train, which was stand-
ing on the side track, across Taylor street, the tail end of the

L. S. & M. S. R. R. Co. v. Clemens.

train being in the company's warehouse, situated on the north side of the street, and the head of the train being on the south side of the street. While waiting for the train to start, or to open so as to allow a passage through, several other teams had congregated in the space between the two tracks. The train soon after opened so as to let them through; the portion of the train south of the street pulling out until the rear car was even with the south line of the street. Clemens, being impatient at the delay, and anxious to get across the track, started his horse just as the train stopped. The train being a long one, the slack came back, pushing the car against his wagon when midway of the track, and producing the injury complained of. Mr. Corneau, a wholly disinterested witness, testified that he was present at the time of the accident, and that his horse's head was right behind plaintiff's milk wagon; that when the train was cut in two there was not more then five or six feet between the two parts of the train when Clemens started to go through; that the train had not cleared the crossing, and that when the train stopped, the slack of the train ran back about four or five feet, and caught the milk wagon, and that he himself, did not attempt to go through, because there was no chance.

Under these circumstances, it is apparent that it was an act of extreme folly and rashness on the part of Clemens to attempt to cross the track before the train had become settled. His daily observation of the effect produced by the sudden stopping of a long train of freight cars must have taught him that the slack of the connecting links causes the rear cars to fall back more or less, according to the length of the train. He knew, or should have known, that it was extremely hazardous to attempt to cross the track under the circumstances disclosed by the evidence in this case. He chose to take the risk, and in doing so, he must abide the consequences of his rash and imprudent haste.

In the case of the Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 510, the Supreme Court say: "It is the duty of persons about to cross a railroad track to look about them and see if there is danger; not to go recklessly upon the road, but to take the proper precautions themselves to avoid accidents at such

places." If a party rushes into danger which by ordinary care he could have seen and avoided, no rule of law or justice can be invoked to compensate him for any injury he may so receive. And in numerous other cases to which we might refer, that court has reiterated the same principle, and declared that a failure to use care in that regard constitutes gross negligence.

This court, in the case of Sunderland v. The Lake Shore & Mich. Southern R. R. Co. 2 Bradwell, 307, which was a case very similar in principle to the present one, say: "Where one knows a railway train to be approaching which may injure him if he attempts to cross the track before it, the slightest care for his own safety requires him to wait for it to pass."

But it needs the aid of no adjudicated case to determine what the rule of law should be on this subject. Common prudence and the natural instinct of self-preservation alike admonish a person thus situated to exercise a degree of caution commensurate with the danger; and while something might perhaps be excused in one unfamiliar with the movement of railroad trains, no such excuse can be made for appellee.

It is claimed by appellee that the train stood upon the crossing, blocking the street fifteen minutes, in violation of §§ 2 and 3 of Ch. 41 of the city ordinances. It is sufficient to say that there is no evidence in record of the existence of the ordinance. If the appellee intended to rely upon the ordinance, it was incumbent on him to make proof of it, and incorporate it into the record. Ordinances must be proved, like any other fact in the case. Stevens v. City of Chicago, 48 Ill. 498. But if the ordinance had been duly proven, and made a part of the record, it would hardly be claimed that it operated as a license to appellee to voluntarily place his wagon before the cars to be crushed, and thereby give him a cause of action against the railroad company for the damages. Lovenguth v. City of Bloomington, 70 Ill. 238.

It would be equally his duty to use due caution and circumspection, whether there was or was not an ordinance. A party cannot knowingly expose himself to danger, and then recover damages for an injury which he might have avoided by the use of reasonable precaution.

L. S. & M. S. R. R. Co. v. Clemens.

We are referred by appellee's counsel to the case of The Ill. Cent. R. R. Co. v. Ebert, 74 Ill. 399, as being very much in point in appellee's favor. We have only to say in relation to the decision in that case, that if by any fair construction of the language used by Mr. Justice Breese, who delivered the opinion of the court, he intended to enunciate a different rule as to the duty of care on the part of a person about to cross a railroad track from the rule so often declared by the Supreme Court of this State, both prior and subsequent to that case, we should not feel bound by it. But we think such was not his intention. The decision was based mainly upon the ground that the railroad company was guilty of gross negligence. The question as to whether the plaintiff was chargeable with want of care, was not made prominent; and the learned judge nowhere declares that it is not the duty of one about to cross a railroad track to exercise caution and to look out for approaching trains.

We do not think the evidence discloses any negligence or want of care on the part of the railroad company. There is some conflict in the evidence as to whether or not any warning was given of the backward movement of the cars. But whether there was or not is quite immaterial. The situation and the danger were as apparent to appellee as any number of warnings could have made it.

The appellee having been guilty of gross negligence, has no right of recovery, and the judgment of the court below is reversed and the cause remanded.