## John Thorsell v. Chicago City Ry. Co.

1. Ordinary Care—*Contributing to an Injury.*—When the plaintiff was guilty of a want of ordinary care which contributed to the injury, he can not recover, and whether he was so is a question of fact;  but if the evidence of his negligence contributing to the injury is clear and indisputable, the court may direct the jury to find for the defendant.

2. Same—*When the Court will Direct a Verdict for the Defendant.*— When the evidence given at the trial, with all the inferences that can be justifiably drawn from it, is so insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court may direct a verdict for the defendant.

Action in Case, for personal injuries.  Trial in the Circuit Court of Cook County;  the Hon. Thomas G. Windes, Judge, presiding.  Verdict for defendant by direction of the court;  error by plaintiff.  Heard in the Branch Appellate Court at the October term, 1898.  Affirmed. Opinion filed May 2, 1899.

John F. Waters, attorney for plaintiff in error.

William J. Hynes and Pliny B. Smith, attorneys for defendant in error.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This is an action in which plaintiff in error seeks to recover damages for personal injuries.  The court instructed the jury that the verdict must be for the defendant, and

gave judgment accordingly. The plaintiff brings the case here upon a writ of error. It is said that it must be remanded for a new trial, because "the evidence of the plaintiff himself shows that he exercised ordinary care, and as to whether he did or not, the jury and not the judge must decide.

The accident occurred after dark, upon the evening of September 24th. The evidence, as it is stated by plaintiff's counsel, is to the effect that one of the defendant's south-bound trains had stopped upon the westward of the two tracks on State street, Chicago, about two hundred feet south of Twenty-fifth street, to let off passengers. Plaintiff walked east across State street, immediately behind this train, and noticed two other south-bound trains standing north of, and the nearest about fifty feet in the rear of, the train behind which he sought to pass. "Owing to the darkness," says his counsel, "and the south-bound train behind which plaintiff passed, he did not see a train coming from the south at the rate of eight or nine miles an hour, on the north-bound track, until it was too late to escape it."

If the plaintiff was guilty of a want of ordinary care, which contributed to the injury, then he can not recover. L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546; Chicago City Ry. Co. v. Canevin, 72 Ill. App. 81.

Whether he was thus negligent or not is a question of fact; but if the evidence of negligence contributing to the injury is clear and indisputable, then the court is justified in directing the jury to find a verdict for the defendant. Ames v. Strachurski, 145 Ill. 192.

When the conduct of the party whose duty it is to use due care is so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent, the court may so instruct the jury. Hoehn v. C., P. & St. L. Ry. Co., 152 Ill. 223.

And when the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court may direct

a verdict for the defendant. Simmons v. Chicago & T. R. R. Co., 110 Ill. 340.

The plaintiff was in the act of crossing the street from the west toward the east side. He was not at a street crossing, but more nearly in the middle of the block. His testimony is that he looked north before going upon the tracks, but he did not then look south in the direction from which the train was approaching by which he was struck. He says: " I looked north and when I come to the east rail of the west track I looked south. I could see nothing, and then I took another step in the track that took me to the slot. The car was so close to me it was ready to strike me. Then I took another step northward. At that time the car struck me."

It thus appears that the plaintiff left the sidewalk, and without looking in the direction from which he was aware that the cable trains would be likely to be approaching, passed behind a car which had just stopped and stepped immediately in front of the train by which he was struck. He did this without looking in that direction, either before his view was obstructed by the car behind which he passed, or after he had gotten to the space between the east and west tracks, where, had he taken this obvious precaution, he might still have avoided the injury. He did not look at all at the places where he could expect to see the approaching train, and he was not at or near a street crossing. The evidence shows no obstruction which could have prevented him seeing the approaching train and its headlight, which was burning as usual, had he chosen to look. While there is no fixed rule of law applicable to all cases, yet the question of negligence in failing to look or listen may become a question of law, and come within the province of the court, and a verdict may be directed if the evidence in the case is such that all reasonable men would be agreed in their conclusion from it. C. &. N. W. Ry. Co. v. Hansen, 166 Ill. 623.

The learned judge who tried the case below appears to have been forced to the conclusion that this case came within the rule, and we think his conclusion correct.

It is said that the bill of exceptions, while containing the usual clause to the effect that it contains all the evidence, show, nevertheless, that portions of the evidence are omitted. An inspection shows this to be the case. Such a bill of exceptions has been held to be substantially defective (see Lyon v. Davis, 111 Ind. 384), notwithstanding it purports to contain all the evidence. In such case it can not be said that the trial court was not warranted by the evidence in directing a verdict for the defendant.

The ruling of the court in denying the motion for a new trial is not assigned as error, and its propriety need not, therefore, be considered.

For the reasons indicated the judgment of the Circuit Court must be affirmed.